J-S06018-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| HARLEE CAMPBELL | |
| Appellant | No. 93 EDA 2014 |

Appeal from the Judgment of Sentence December 19, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0009816-2010

BEFORE:  BENDER, P.J.E., LAZARUS, J., and FITZGERALD, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED MARCH 31, 2015**

Harlee Campbell appeals from the judgment of sentence imposed in the Court of Common Pleas of Philadelphia County after a violation of probation hearing before the Honorable Rayford A. Means.  Upon careful review, we affirm.

The trial court set forth the facts of this matter as follows:

On May 12, 2010, [Campbell] was arrested and charged with possession with intent to deliver [("PWID")], engaging in criminal conspiracy to manufacture, deliver, or possess with intent to manufacture or deliver, and intentional possession of a controlled substance by a person not registered.  The intentional possession of a controlled substance by a person not registered charge was nolle prossed.  [Campbell] entered into a negotiated guilty plea on the remaining two charges.  On September 27,

---

[*] Former Justice specially assigned to the Superior Court.

2010, this [c]ourt sentenced [Campbell] to nine (9) to twenty three (23) months['] confinement plus one (1) year probation.

On October 23, 2011, [Campbell] was arrested and charged with aggravated assault, conspiracy to commit aggravated assault, possession of a prohibited firearm, firearm not to be carried without a license, carrying firearms in public in Philadelphia, possession of [an] instrument of a crime with [intent], simple assault, and recklessly endangering another person. [Campbell] entered into a negotiated guilty plea on the aggravated assault charges. The remaining charges were nolle prossed. On May 31, 2013, [Campbell] was sentenced to six (6) to thirteen (13) years['] confinement plus five (5) years['] probation.

On December 19, 2013, [Campbell] appeared before this [c]ourt via a video hearing. This [c]ourt found that [Campbell's] arrest and subsequent guilty plea for aggravated assault directly violated his probation for the 2010 charges. This [c]ourt revoked [Campbell's] probation on the 2010 charges and sentenced [Campbell] to four (4) to eight (8) years['] confinement on the 2010 possession with intent to deliver charge and a consecutive four (4) to eight (8) years['] confinement on the 2010 engaging in criminal conspiracy charge. In total, this [c]ourt sentenced [Campbell] to eight (8) to sixteen (16) years['] confinement to be served consecutively to the sentence imposed in May 2013 on the aggravated assault charge.

Trial Court Opinion, 5/19/14, at 1-2.

On December 23, 2013, while still represented by counsel, Campbell filed a *pro se* notice of appeal to this Court. There is no indication on the docket that the clerk of courts forwarded a copy of Campbell's notice of appeal to his counsel pursuant to Pa.R.Crim.P. 576(A)(4). On December 30, 2013, counsel, apparently unaware of Campbell's *pro se* filing, filed a motion to vacate and reconsider Campbell's VOP sentence. By order docketed on January 24, 2014, the court granted a hearing on the motion. On February 4, 2014, the VOP court ordered Campbell to file a concise statement of

errors complained of on appeal, with which Campbell's counsel complied on February 24, 2014. After counsel failed to appear at the reconsideration hearing, the court denied the motion on April 25, 2014.

Prior to considering the merits of Campbell's appeal, we must address the Commonwealth's contention that this appeal should be quashed. The Commonwealth contends that, by filing a *pro se* notice of appeal while he was still represented by counsel, Campbell violated the prohibition against hybrid representation and, thus, his notice of appeal was a legal nullity. Brief of Appellee, at 5; **Commonwealth v. Ellis**, 626 A.2d 1137, 1139 (Pa. Super. 1993). Our Supreme Court addressed a similar scenario in **Commonwealth v. Cooper**, 27 A.3d 994 (Pa. 2011). There, the appellant was resentenced at a VOP hearing and, although represented by counsel, filed a *pro se* notice of appeal with this Court days later. Counsel subsequently filed a timely post-sentence motion, which the trial court denied on its merits. Counsel then filed a notice of appeal to this Court. This Court administratively quashed counsel's notice of appeal as duplicative; the merits panel ultimately quashed Cooper's *pro se* appeal as "premature" and a "nullity." **Id.** at 997. On allowance of appeal, the Supreme Court reversed, holding that, "[t]he proper way to view the *pro se* appeal, after the counseled appeal was dismissed, is as a premature appeal that was perfected upon the trial court's proper consideration and denial of the counseled post-sentence motions." **Id.** at 1007. Likewise, here, we conclude that Campbell's *pro se* filing was perfected upon the trial court's

denial of his post-sentence motion for reconsideration and, accordingly, we will consider the appeal on its merits.

We now turn to Campbell's sole appellate claim. Campbell argues his violation sentence was grossly excessive, unreasonable, and the result of an abuse of discretion by the court because it was his first probation violation and it was run consecutively to a thirteen year sentence already being served. This is a challenge to the discretionary aspects of Campbell's sentence.

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed.
>
> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Commonwealth v. Griffin*, 65 A.3d 932, 935-36 (Pa. Super. 2013) (citations and quotations omitted).

Here, Campbell preserved his sentencing claim through a post-sentence motion for reconsideration of sentence. He filed a timely notice of appeal and included in his brief a statement pursuant to Pa.R.A.P. 2119(f). In his Rule 2119(f) statement, Campbell first claims that the trial court imposed a manifestly excessive sentence without sufficiently considering all the factors set forth in 42 Pa.C.S.A. § 9721(b). This claim raises a substantial question. *Commonwealth v. Riggs*, 63 A.3d 780 (Pa. Super. 2012) (averment that court failed to consider relevant sentencing criteria, including protection of public, gravity of underlying offense and rehabilitative needs of defendant raised substantial question). Campbell also claims that the sentence was disproportionate to the conduct at issue and not justified by sufficient reasons. A claim that imposition of consecutive sentences is disproportionate to the crimes committed, in combination with allegations that a sentencing court did not consider the nature of the offenses or provide adequate reasons for its sentence, has been found to raise a substantial question. *Commonwealth v. Dodge*, 77 A.3d 1263, 1271-72 (Pa. Super. 2013). Accordingly, we will review the merits of these claims.

Campbell claims that his sentence was grossly disproportionate to the gravity of the offense, the need for protection of the public, and his own rehabilitative needs. Campbell asserts that the VOP court conducted an "abbreviated hearing" and considered only the "fact of a direct violation."

Brief of Appellant, at 16. In support of his argument, Campbell relies upon *Commonwealth v. Parlante*, 823 A.2d 927 (Pa. Super. 2003), in which the defendant was sentenced to four to eight years' incarceration after violating her probation six times. Upon review of the record, we find that the trial court did not abuse its discretion in resentencing Campbell.

Upon a finding that a defendant has violated probation, the sentencing alternatives available to the court are the same as were available at the time of initial sentencing. *See* 42 Pa.C.S.A. § 9721(b). Here, Campbell was resentenced for PWID and conspiracy to commit PWID. The statutory maximum penalty for both crimes is ten years' imprisonment. *See* 35 P.S. § 780-113(f)(1.1). Upon resentencing, Campbell received sentences of four to eight years' imprisonment on each charge, a range well within the statutory limit.

Our Supreme Court recently stated the following with regard to the deference to be accorded sentencing courts on VOP resentencing:

> Simply stated, the sentencing court sentences flesh-and-blood defendants and the nuances of sentencing decisions are difficult to gauge from the cold transcript used upon appellate review. Moreover, the sentencing court enjoys an institutional advantage to appellate review, bringing to its decisions an expertise, experience, and judgment that should not be lightly disturbed.
>
> The sentencing court's institutional advantage is, perhaps, more pronounced in fashioning a sentence following the revocation of probation, which is qualitatively different than an initial sentencing proceeding. At initial sentencing, all of the rules and procedures designed to inform the court and to cabin its discretionary sentencing authority properly are involved and play a crucial role. However, it is a different matter when a defendant reappears before the court for sentencing proceedings

following a violation of the mercy bestowed upon him in the form of a probationary sentence. For example, in such a case, contrary to when an initial sentence is imposed, the Sentencing Guidelines do not apply, and the revocation court is not cabined by Section 9721(b)'s requirement that "the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant."

*Commonwealth v. Pasture*, 107 A.3d 21, 27 (Pa. 2014).

Moreover, "since the defendant has previously appeared before the sentencing court, the stated reasons for a revocation sentence need not be as elaborate as that which is required at initial sentencing." *Pasture*, 107 A.3d at 28. Finally, "there is no absolute requirement that a trial judge, who has already given the defendant one sentencing break after having the benefit of a full record, including a PSI, must order another PSI before fashioning the appropriate revocation sentence." *Id.*

In its Rule 1925(a) opinion, the VOP court noted the following:

[Campbell] was convicted of another crime while he was on probation. [Campbell] entered into a negotiated guilty plea on the charge of [a]ggravated [a]ssault on May 31, 2013. This conviction alone is sufficient to allow this [c]ourt to impose a sentence of total confinement upon revocation of probation under 42 Pa.C.S. § 9771(c)(1). Furthermore, [Campbell's] conduct in committing two aggravated assaults while on probation indicates that a sentence of total confinement is necessary to vindicate the authority of the court under [section 9771(c)(3)]. [Campbell's] behavior also indicates that it is likely he will commit another crime if not imprisoned. [Campbell] was not able to abide by the terms of his original probation, and, in committing another crime while on probation, acted with blatant disregard for this [c]ourt's original sentence and authority. More importantly, his criminal activity escalated from non-violent drug-related activity to acts of violence during his probationary period, which indicates he does not respect the authority of the

> [c]ourt and has no intention of ceasing criminal activity, and that he will continue to pose a threat to public safety if not confined.

Trial Court Opinion, 5/19/14, at 3-4.

Campbell's reliance on **Parlante**, **supra**, is misplaced. In that case, this Court overturned a revocation sentence of four to eight years' incarceration following seven probation violations. Unlike in the instant matter, however, four of Parlante's violations which were technical and none of the substantive violations involved violence. Indeed, the Court emphasized this fact in concluding that the trial court had abused its discretion. **See id.** at 930 ("The record indicates that the trial court failed to consider . . . the fact that all of [Parlante's] offenses were non-violent in nature and that her last two probation violations were purely technical.").

Here, unlike **Parlante**, Campbell's criminal behavior actually escalated to violent, gun-related offenses while under the supervision of the trial court. The trial court, in fashioning its sentence, concluded that a sentence of total confinement was necessary to protect the public from Campbell's increasingly violent criminal behavior and to vindicate the court's authority. Having previously sentenced Campbell, the court was familiar with his background and character. In addition, prior to the imposition of sentence, Campbell was given the opportunity to inform the court about his current circumstances and the rehabilitative efforts he made since being incarcerated. In light of the foregoing, we cannot conclude that Campbell's sentence was manifestly excessive or the result of partiality, ill-will, or such

lack of support so as to be clearly erroneous.  ***Commonwealth v. Perry***, 32

A.3d 232 (Pa. 2011).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/31/2015