J-S34004-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SOMWANG LADS KAKHANKHAM, | |
| Appellant | No. 1319 MDA 2014 |

Appeal from the Judgment of Sentence May 22, 2014
In the Court of Common Pleas of Perry County
Criminal Division at No(s): CP-50-CR-0000312-2009

BEFORE:  BOWES, OTT and STABILE, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED JUNE 22, 2015**

Somwang Lads Kakhankham appeals from the judgment of sentence of four to eight years imprisonment that was imposed after he violated the terms of a probationary sentence.  We affirm.

On June 26, 2009, Appellant was charged with causing a catastrophe, arson, burglary, criminal trespass, conspiracy, criminal mischief, and reckless endangerment.  He was accused of the following.  At approximately 2:30 a.m. on May 19, 2009, Appellant, accompanied by six other actors, broke into Amity Inn Hall located on 6 River Road, Duncannon, Watts Township, with the intent of burglarizing it.  He knew that he was not permitted to be on the premises, and Amity Inn Hall was not open to the public at the time.  Appellant and his co-conspirators set the building on fire,

and the fire caused an explosion, which resulted in massive damage to the building and required the response of thirteen fire departments and emergency response units.

On October 16, 2009, Appellant tendered a guilty plea to criminal trespass, arson, and criminal mischief. On December 3, 2009, he was sentenced to time served to two years less one day imprisonment and a concurrent seven year probationary term. No direct appeal was filed.

Thereafter, Appellant was charged with violating his probation. On May 22, 2014, the trial court found that Appellant violated his probation since he was "convicted of one (1) count Delivery of Drug Resulting in Death and one (1) count Manufacture, Deliver or Possession with Intent [to Deliver] in Cumberland County[.]" Order of Court, 5/22/14, at 1. Appellant was sentenced on the criminal trespass offense, which was a second-degree felony, to four to eight years imprisonment consecutive to the sentence imposed in Cumberland County. *Id*.

Appellant filed a post-sentence motion. He asked that this sentence be imposed concurrently with the Cumberland County sentence or be reduced because it was excessive given that a standard range sentence was restorative sanctions to nine months imprisonment. Additionally, Appellant asked for credit for time served. On July 10, 2014, the court granted Appellant credit for time served, but refused to otherwise disturb the sentence. This appeal followed. Appellant raises one issue: "did the trial

court abuse it's [sic] discretion in re-sentencing defendant to an incarcerative [sic] state correctional institution sentence of four years, maximum eight years when the defendant's prior score was 0 and the standard range was restorative sanctions to nine months?" Appellant's brief at 7.

Initially, we address a procedural problem. A post-sentence motion does not extend the time period for taking a direct appeal in the probation-violation setting. Pa.R.Crim.P. 708(E) ("The filing of a motion to modify sentence will not toll the 30–day appeal period."). Thus, Appellant's post-sentence motion did not postpone the thirty-day time frame for taking an appeal from the May 22, 2014 sentence. *Commonwealth v. Burks*, 102 A.3d 497 (Pa.Super. 2014); *Commonwealth v. Parlante*, 823 A.2d 927 (Pa.Super. 2003). Appellant did not file this appeal until July 30, 2014, which would render it untimely as to the May 22, 2014 sentence.

However, Appellant was informed incorrectly that he **could** file an appeal after his post-sentence motion was denied. N.T. Hearing, 7/10/14, at 5. The appeal was filed within thirty days of the July 10, 2014 denial of his post-sentence motion. Since Appellant was given a mistaken explanation of his post-sentence rights and told that he could appeal after denial of the motion, we conclude that a breakdown in the operation of the court occurred and decline to quash the appeal. *Parlante*, *supra*; *Commonwealth v. Coolbaugh*, 770 A.2d 788 (Pa.Super. 2001).

In an appeal from a sentence imposed after the court has revoked probation, we can review the validity of the revocation proceedings, the legality of the sentence imposed following revocation, and any challenge to the discretionary aspects of the sentence imposed. **Commonwealth v. Cartrette**, 83 A.3d 1030, 1033 (Pa.Super. 2013) (*en banc*). Since Appellant was convicted of another crime, his probation properly was revoked and, the court was authorized to impose a jail term. 42 Pa.C.S. § 9771(c) (total confinement can be imposed after a defendant's probation is revoked if "(1) the defendant has been convicted of another crime; or (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or (3) such a sentence is essential to vindicate the authority of court.").

Appellant claims that the trial court imposed an excessive sentence since the standard range sentence for criminal trespass was probation to nine months incarceration and since the four to eight year term was "well outside the standard range of probation to nine months." Appellant's brief at 10. We observe that, "upon revocation, the sentencing alternatives available to the court shall be the same as the alternatives available at the time of initial sentencing. Normally, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." **Commonwealth v. Infante**, 63 A.3d 358, 365 (Pa.Super. 2013) (citations omitted). The sentence herein was within the

maximum for a second-degree felony, which is ten years. 18 Pa.C.S. § 1103 (2) ("[A] person who has been convicted of a felony may be sentenced to imprisonment as follows: . . . . In the case of a felony of the second degree, for a term which shall be fixed by the court at not more than ten years.")

Additionally, it is settled that, "The sentencing guidelines do not apply to sentences imposed as a result of probation or parole revocation, accelerated rehabilitative disposition, disposition in lieu of trial, direct or indirect contempt of court, nor violations of protection from abuse orders." 204 Pa.Code § 303.1(b). Thus, we cannot disturb the sentencing court's decision based upon Appellant's allegation that the four-to-eight year term constituted a deviation from the guidelines. *Coolbaugh*, *supra*; *Commonwealth v. Ware*, 737 A.2d 251 (Pa.Super. 1999).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/22/2015