COMMONWEALTH of Pennsylvania,
Appellee,

v.

Nicole PARLANTE, Appellant.

Superior Court of Pennsylvania.

Argued Dec. 11, 2002.

Filed April 30, 2003.

James F. Geddes, Wilkes–Barre, for appellant.

Frank P. Barletta, Asst. Dist. Atty., Wilkes–Barre, for Com., appellee.

BEFORE: JOHNSON, KLEIN and KELLY, JJ.

OPINION BY KLEIN, J.:

¶ 1 Nicole Parlante, appeals from the judgment of sentence entered on October 19, 2001 by the Honorable Peter Paul Olszewski, Jr. Parlante committed technical and substantive violations while serving probation for three counts of forgery and possession of illegal drugs. As a result, Judge Olszewski, Jr. sentenced Parlante to a total of 4–8 years imprisonment: 2–4 years in prison for each count of forgery with counts 1 and 2 to be served consecutively, count 3 to be served concurrently, and 6–12 months for possession of illegal drugs to be served concurrently with the forgery sentences. While we agree that some prison time would be justified, we find that the trial court abused its discretion and failed to state reasons to justify a 4–8 year sentence for technical violations of probation. Therefore, we vacate the judgment of sentence and remand for resentencing.

¶ 2 On November 9, 1998, Parlante pled guilty to three counts of forgery for purchasing roughly $1,000.00 worth of merchandise on a stolen credit card. On January 8, 1999, Judge Gifford S. Cappellini sentenced Parlante to one year of probation in the Intermediate Punishment Program (IPP), house arrest and mandatory drug treatment. Parlante committed numerous technical violations of her probation and, on February 14, 2000, was arrested for possession of illegal drugs. On March 3, 2000 Judge Cappellini agreed to allow Parlante to continue probation in the IPP, but imposed electronic monitoring.

¶ 3 Parlante committed more technical violations of her probation. On May 25, 2000 a hearing was held in which Parlante pled guilty to possession of a controlled substance, possession of drug paraphernalia and criminal conspiracy. As a result, Judge Cappellini revoked Parlante's probationary sentence for the three forgeries and sentenced her to three years in the IPP program, drug treatment, and ninety days of home confinement. However, between August 2000 and February 2001, Parlante committed numerous technical violations of her probation and was arrested once again, this time for underage drinking.[1] Judge Cappellini revoked Parlante's probation in the IPP and mandated that Parlante be reevaluated for drug treatment. During this time, Parlante once again failed to report to her probation officer. On October 19, 2001, after this sixth violation of her probation, Judge Olszewski, Jr. sentenced Parlante to 4 to 8 years in a state correctional facility for the three forgery charges and drug possession.[2]

¶ 4 Parlante raises the following issues on appeal:

(1) Was the [trial court's] resentencing of October 19, 2001, inappropriate, manifestly excessive and an abuse of discretion under the circumstances?

(2) Did the [trial court] err in failing to give individualized consideration to Appellant's personal history, rehabilitative

---

1. Parlante was arrested for underage drinking at her twenty-first birthday party, which was held two days before her twenty-first birthday.

2. As previously stated, the trial court sentenced Parlante to an aggregate sentence of 4–8 years: 2–4 years for the first two counts of forgery to be served consecutively and 2–4 years for the third count of forgery to be served concurrently and 6–12 months for the drug possession charge to be served concurrently with the forgery sentence.

needs or background in imposing its sentence of October 19, 2001?

(3) Did the [trial court] err in failing to place specific reasons of record for its sentence of October 19, 2001, and in failing to consider other rehabilitative alternatives?

■ ¶ 5 We first must determine whether Parlante's appeal is timely. An appellant whose revocation of probation sentence has been imposed after a revocation proceeding has 30 days to appeal her sentence from the day her sentence is entered, regardless of whether or not she files a post-sentence motion. Pa.R.Crim.P. 708(D) (emphasis added). Therefore, if an appellant chooses to file a motion to modify her revocation sentence, she does not receive an additional 30 days to file an appeal from the date her motion is denied. *Commonwealth v. Coleman,* 721 A.2d 798 (Pa.Super.1998); Pa.R.Crim. P. 708(D).

■ ¶ 6 Despite this rule, when the trial judge sentenced Parlante on October 19, 2001, he told her that she had 30 days to file a post-sentence motion and if he denied her post-sentence motion, "[she would have] 30 days to appeal to the Superior Court from **then.**" (R.R. p. 17) (emphasis added). As a result, Parlante filed a motion to modify her sentence on October 29, 2001, which was denied on the same day. On November 27, 2001, 39 days after the trial court entered the revocation of probation sentence, but only 29 days after he denied her petition for modification, Parlante filed the instant appeal.[3] Therefore, Parlante's appeal is facially untimely.

Nevertheless, we decline to quash this appeal because Parlante's error resulted from the trial court's misstatement of the appeal period, which operated as a "breakdown in the court's operation." *Commonwealth v. Coolbaugh,* 770 A.2d 788, 791 (Pa.Super.2001) (where appellant was led to believe that he had thirty days to appeal from denial of reconsideration motion following revocation of probation, our court declined to quash appeal recognizing that problem arose as a result of the trial court's misstatement of appeal period, which operated as a breakdown in the court's operation).[4]

■ ¶ 7 Instantly, Parlante asks us to review the discretionary aspects of her sentence. We only review such claims if appellant raises a substantial question that her sentence is inappropriate under the Sentencing Code. *See Commonwealth v. Kenner,* 784 A.2d 808, 810–11 (Pa.Super.2001); 42 Pa.C.S. § 9781(b); Pa.R.A.P. 2119(f). Parlante raises a substantial question. Parlante argued that the trial court imposed a sentence that is grossly disproportionate to her crimes and failed to consider her background or nature of offenses and provide adequate reasons on the record for the sentence. These are "plausible" arguments that her sentence is "contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Mouzon,* 571 Pa. 419, 812 A.2d 617, 622 (2002) (holding that appellant raises substantial question when she advances "plausible argument that her sentence was: 1) inconsistent with a spe-

---

**3.** The notice of appeal incorrectly indicates that it is being taken from the October 29, 2001 order, not the October 19, 2001 judgment of sentence. *See Commonwealth v. Chamberlain,* 442 Pa.Super. 12, 658 A.2d 395 (1995) (order denying post-sentence motion acts to finalize judgment of sentence for purposes of appeal; thus, appeal is from judg-

ment of sentence, not order denying post-sentence motion).

**4.** Neither the Commonwealth nor the Appellant raises the issue of the timeliness of the appeal. However, this court may raise questions of appellate jurisdiction *sua sponte. See Coolbaugh,* 770 A.2d at 791.

cific provision of the Sentencing Code; or 2) contrary to the fundamental norms which underlie the sentencing process" even if sentence is within the statutory limit); *see also Commonwealth v. Brown,* 741 A.2d 726, 735 (Pa.Super.1999) (finding that appellant presented substantial question when he alleged that sentencing court did not adequately set forth its reasons on record for sentence imposed). Therefore, we will review the merits of Parlante's claim.

¶ 8 We may vacate an appellant's sentence if the trial court abused its discretion by imposing a sentence that is manifestly unreasonable.[5] *See Commonwealth v. Sierra,* 752 A.2d 910, 913 (Pa.Super.2000). We find an abuse of discretion when the sentencing court fails to give "careful consideration to all relevant factors in sentencing [appellant]." *Id.* at 913.

¶ 9 In *Sierra,* the trial court sentenced appellant, Sierra, to the statutory maximum term of imprisonment even though she committed only technical violations of her probation. We held that this was not abuse of discretion because the record indicated that the trial judge "gave careful consideration to all relevant factors [when] sentencing [Sierra], including her significant criminal record," which revealed juvenile and adult convictions for robbery, thefts, terroristic threats, simple assault, and felony assault. *Id.* at 913–14. Specifically, the trial court considered the likelihood that appellant would commit further violations, the violent nature of appellant's past offenses, appellant's age, family history, educational background, her refusal to accept responsibility for her actions, her

comments made at the sentencing hearing, testimony given by appellant's probation officer, pre-sentence report, employment history, appellant's "total disregard for compliance with the rules and regulations of the Adult Probation and Parole Department," and the fact that appellant faked mental health problems in an effort to manipulate the rehabilitation process. *Id.* at 914; *see also* 42 Pa.C.S.A. § 9721 ("In every case in which the court imposes a sentence for a felony ... the court shall make as part of the record, and disclose in open court at the time of sentencing, a statement of the ... reasons for the sentence imposed.").

¶ 10 Upon review, we find the trial court abused its discretion. Even though the trial judge did not sentence Parlante to the statutory maximum in prison, he revoked Parlante's probation and sentenced her to a substantial amount of time in prison without considering all relevant factors. *See Sierra,* 752 A.2d at 913. The record indicates that the trial court failed to consider Parlante's age, family history, rehabilitative needs, the pre-sentence report or the fact that all of her offenses were non-violent in nature and that her last two probation violations were purely technical. *See id.* The trial court based Parlante's sentence solely on the fact that her prior record indicated that it was likely that she would violate her probation in the future but failed to consider other important factors. Judge Olszewski, Jr. repeatedly remarked that Parlante had six chances to clean up her act but that she would not have a seventh chance.[6]

---

5. Further, we note that our scope of review of a sentence imposed after revocation of probation is limited to the validity of the revocation proceedings and the legality of the final judgment of sentence. *See Sierra supra,* n. 6.

6. We note that Judge Olszewski, Jr. "mandated" that Parlante be immediately paroled after serving 4 years, the aggregate minimum, as long as Parlante completes all drug and alcohol programs and is a "model prisoner." However, this does not insure that in fact Parlante would be released at the minimum,

¶ 11 Further, unlike the appellant in *Sierra*, Parlante does not have a "significant criminal record" that includes convictions for violent crimes. Sierra's record revealed convictions for multiple thefts, robbery, simple and aggravated assault and terroristic threats to prison guards. *See id.*, at 913–14. Conversely, Parlante's short criminal record includes convictions for forgery, misdemeanor drug possession and underage drinking, the latter of which occurred two days before her twenty-first birthday. Even though Parlante violated her probation seven times, four of these violations were technical and the three non-technical violations were non-violent. Further, unlike Sierra, Parlante accepted responsibility for her actions as well as the help afforded to her. Parlante indicated to Judge Cappellini that she would accept the consequences of her actions and urged him to allow her to re-enroll in a treatment program. Parlante also completed a drug treatment program in 2000 and held two jobs as part of her rehabilitation.

¶ 12 We agree with the trial court that Parlante should serve time in prison because of her prior criminal record and repeated inability to comply with the rules and requirements of her probation. *See Sierra*, 752 A.2d at 913–14; 42 Pa.C.S.A. § 9771(c) (stating that trial court may impose sentence of total confinement upon revocation of probation if defendant has been convicted of another crime or if defendant's conduct indicates that she will commit another crime if not imprisoned or sentence of total confinement is essential to vindicate authority of court). Four to eight years in prison, however, is a manifestly unreasonable amount of time. Parlante never committed a violent crime, in fact, the majority of her probation violations were technical. Moreover, the trial court failed to consider these and most other relevant factors and supply adequate reasons for sentencing Parlante to a substantial term of confinement. Therefore, we vacate Parlante's sentence and remand for resentencing.

¶ 13 Vacated and remanded for resentencing. Jurisdiction relinquished.

---

since that is up to the Parole Board. Judge Olszewski, Jr. also informed Parlante that he would recommend that she receive pre-release status if she is a model prisoner. Pre-release status would allow Parlante to serve two-and-a-half years in the state correctional institution and one-and-a-half years in a half- way house. Once again, while the Judge's approval is needed, the Judge cannot mandate pre-release. While the Judge's approval might limit the time Parlante would serve in the state prison, since that is not assured it does not change our decision.