J-S37005-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL FELICIANO | |
| Appellant | No. 162 EDA 2013 |

Appeal from the Judgment of Sentence November 15, 2012
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0901851-1996

BEFORE: GANTMAN, P.J., SHOGAN, J., and LAZARUS, J.

JUDGMENT ORDER BY GANTMAN, P.J.:                **FILED JUNE 18, 2015**

Appellant, Michael Feliciano, appeals from the judgment of sentence entered in the Philadelphia Court of Common Pleas, following revocation of his probation. We dismiss this appeal as untimely filed.

On January 14, 1998, the court convicted Appellant of violations of the Uniform Firearms Act ("VUFA"), possessing instruments of crime ("PIC"), simple assault, and recklessly endangering another person.[1] The court sentenced Appellant on February 19, 1998, to an aggregate term of eight 8—23 months' imprisonment, followed by 6 years' probation. On October 15, 2002, following Appellant's subsequent convictions for criminal trespass and fleeing or attempting to elude police officer, the court held a revocation

---

[1] 18 Pa.C.S.A. §§ 6106, 6108, 907, 2701, 2705, respectively.

("VOP") hearing on Appellant's 1998 convictions. The court continued Appellant's probation. The court held the next VOP hearing on December 10, 2003, after Appellant's new conviction for PIC. The court revoked Appellant's probation and resentenced Appellant to 7 years' probation. Appellant was subsequently convicted of attempted first-degree murder, PIC, aggravated assault, and simple assault, which he committed while on probation. Following a revocation hearing on November 15, 2012, the court again revoked Appellant's probation and resentenced Appellant to 3—6 years' imprisonment. Appellant timely filed a motion for reconsideration on November 21, 2012, which the court denied on December 3, 2012. On December 21, 2012, Appellant filed a notice of appeal. The court ordered Appellant to file a Pa.R.A.P. 1925(b) statement; Appellant timely complied.

Generally, a notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). "A motion to modify a sentence imposed after a revocation shall be filed within 10 days of the date of imposition. The filing of a motion to modify sentence will not toll the 30-day appeal period." Pa.R.Crim.P. 708(E). Rule 708 makes clear that Rule 720, which otherwise governs the timing of post-sentence motion procedures and appeals, does not apply to revocation cases. *Id. Comment*. **See also Commonwealth v. Parlante**, 823 A.2d 927, 929 (Pa.Super. 2003) (stating: "An appellant whose revocation of probation sentence has been imposed after a revocation proceeding has 30

- 2 -

days to appeal [his] sentence from the day [his] sentence is [imposed], regardless of whether…[he] files a post-sentence motion"). This Court can raise the issue of time limitations for taking appeals *sua sponte*, as the issue is one of jurisdiction to entertain the appeal. ***Commonwealth v. Valentine***, 928 A.2d 346 (Pa.Super. 2007). Absent extraordinary circumstances, this Court has no jurisdiction to entertain an untimely appeal. ***Commonwealth v. Patterson***, 940 A.2d 493 (Pa.Super. 2007), *appeal denied*, 599 Pa. 691, 960 A.2d 838 (2008).

Instantly, the court revoked Appellant's probation and resentenced Appellant on November 15, 2012. Appellant's motion for reconsideration did not toll the thirty-day appeal period. ***See*** Pa.R.Crim.P. 708(E). Therefore, Appellant's notice of appeal was due on or before Monday, December 17, 2012. Appellant filed his notice of appeal on December 21, 2012. Appellant's failure to file his notice of appeal within thirty days of the resentencing date rendered his appeal untimely. ***See Patterson, supra***; ***Parlante, supra***. Accordingly, we dismiss this appeal as untimely filed.

Appeal dismissed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/18/2015

- 3 -