J-S56007-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RALPH D. SHELLENHAMER, | |
| Appellant | No. 322 MDA 2015 |

Appeal from the Judgment of Sentence October 7, 2014
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0001035-2012

BEFORE: SHOGAN, JENKINS, and PLATT,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                **FILED NOVEMBER 12, 2015**

Appellant, Ralph D. Shellenhamer, appeals from the judgment of sentence imposed after revocation of his probation. We dismiss the appeal as untimely.

The trial court succinctly summarized the procedural history as follows:

> On July 11, 2014, [Appellant] appeared before the undersigned for a Probation Violation Hearing ("PV Hearing"), at which time [Appellant] was found to be in violation of the terms of his probation. The court ordered . . . a Pre-Sentence Investigation report ("PSI") and a sentencing hearing was held on October 7, 2014, at which time [Appellant] was sentenced as follows:
>
> Docket No. 5460-2010

---

[*] Retired Senior Judge assigned to the Superior Court.

Count 1, Retail Theft (M1) Probation revoked, 1½-3 years' incarceration

Docket No. 1035-2012

Count 1, Terrorist Threats (M1) Probation Revoked, 1½-3 years' incarceration, consecutive to Docket Number 5460-2010

Count 2, Terrorist Threats (MI) Probation Revoked, 1½-3 years' incarceration, consecutive to Count 1

[Appellant's] aggregate sentence on his probation violations was 4 ½-9 years' incarceration.

Trial Court Opinion, 1/21/2015, at 1–2 (footnote omitted).

Appellant filed a post-sentence motion on October 17, 2014, and filed supplemental post-sentence motions on October 28, 2014, and December 18, 2014. The trial court denied the motions on January 21, 2015; Appellant filed a notice of appeal on February 18, 2015.

On March 20, 2015, this Court directed Appellant to show cause why his appeal should not be quashed as untimely. On March 23, 2015, Appellant responded to the show cause order and asserted that the trial court failed to inform him of his appellate rights. On April 6, 2015, a panel of this Court discharged the order to show cause, advising Appellant that the "Court will take no action at this time but will refer the issue to the merits panel to be assigned in this case." Order, 4/6/15, 322 MDA 2015.

In his appellate brief, Appellant now candidly admits that despite earlier representing to the contrary, the trial court did provide a "general

overview of appeal rights." Appellant's Brief at 10 (emphasis omitted). The transcript of the sentencing proceeding so confirms, as follows:

> [Appellant], after you're sentenced today, you have certain rights. And I'm going to explain those appellate rights to you very briefly and allow [defense counsel] to explain them to you further and answer any questions that you might have.
>
> First of all, the rules that apply following a sentence that is imposed after a probation or parole violation are a little different than rules that apply after a conviction or a guilty plea.
>
> **While you have the right to file a post-sentence motion within ten days of being sentenced, that does not toll the 30-day period for you to appeal to the Superior Court for review of your case if you wish to do so.**
>
> * * *
>
> So you need to make sure that you communicate very clearly with [defense counsel] if you wish to appeal your sentence or any aspect of the violation hearing on what I deem the violation.
>
> Both post-sentence motions and appeals must be in writing and you are entitled to an attorney to assist you in perfecting those post-sentence and appeal rights.

N.T., 10/7/14, at 3–4 (emphasis added).

It is now incumbent upon us to address the timeliness of the appeal.

This Court has recently stated:

> Rule 720 of the Pennsylvania Rules of Criminal Procedure in general governs the timing of post-sentence motion procedure and appeals. *See* Pa.R.Crim.P. 720. The disposition of a motion to modify a sentence imposed after a revocation hearing, however, is governed by Rule 708 (Violation of Probation, Intermediate Punishment, or Parole: Hearing and Disposition). *See* Pa.R.Crim.P. 720 *Comment.* Rule 708(E) states: "A motion to modify a sentence imposed after a revocation shall be filed within 10 days of the date of imposition. **The filing of a motion to modify sentence will not toll the 30–day appeal**

- 3 -

**period.**" Pa.R.Crim.P. 708(E) (emphasis added). Rule 708 makes clear Rule 720 does not apply to revocation cases. **Id.** *Comment*. **See also Commonwealth v. Parlante**, 823 A.2d 927, 929 (Pa. Super. 2003) (internal citation omitted) (stating: "An appellant whose revocation of probation sentence has been imposed after a revocation proceeding has 30 days to appeal her sentence from the day her sentence is [imposed], regardless of whether . . . she files a post-sentence motion. Therefore, if an appellant chooses to file a motion to modify her revocation sentence, she does not receive an additional 30 days to file an appeal from the date her motion is denied").

Time limitations for taking appeals are strictly construed and cannot be extended as a matter of grace. This Court can raise the matter *sua sponte,* as the issue is one of jurisdiction to entertain the appeal. Absent extraordinary circumstances, this Court has no jurisdiction to entertain an untimely appeal.

**Commonwealth v. Burks**, 102 A.3d 497, 499 (Pa. Super. 2014) (some case citations omitted).

Here, the trial court revoked Appellant's probation and resentenced him on October 7, 2014. Although Appellant filed post-sentence motions on October 17, 2014, October 28, 2014, and December 18, 2014,[1] this did not toll the thirty-day appeal period to appeal to this Court. The trial court clearly informed Appellant of this time limitation. Therefore, Appellant had until November 6, 2014, to file an appeal, regardless of the pending post-sentence motion. However, he did not file his notice of appeal until February 18, 2015. Appellant's failure to file his notice of appeal within thirty days of

---

[1] Additionally, a Pa.R.Crim.P. 720 post-sentence motion is not the appropriate vehicle to challenge a sentence imposed after a probation revocation. **See** Pa.R.Crim.P. 708 *Comment* (advising that "Rules 704, 720, and 721 do not apply to revocation cases").

the sentence imposed after the probation revocation divests this Court of appellate jurisdiction. **Burks**, 102 A.3d at 499. Accordingly, we quash this appeal as untimely.

Appeal quashed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/12/2015