J-S25033-16; J-S25034-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WILLIAM JOHN LITTLE | |
| Appellant | No. 1449 WDA 2015 |

Appeal from the Judgment of Sentence August 14, 2015
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0001527-2014

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WILLIAM JOHN LITTLE | |
| Appellant | No. 1451 WDA 2015 |

Appeal from the Judgment of Sentence August 14, 2015
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0000547-2014

BEFORE:  FORD ELLIOTT, P.J.E., MUNDY, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED APRIL 08, 2016**

Appellant William John Little appeals from the August 14, 2015 judgments of sentence entered at two docket numbers in the Fayette County Court of Common Pleas.  We quash this appeal.

On September 20, 2014, Appellant pled guilty to charges filed at two docket numbers.  At docket CP-26-CR-0001527-2014, Appellant pled guilty

to criminal trespass – defiant trespasser,[1] conspiracy – theft from a motor vehicle,[2] theft from a motor vehicle,[3] receiving stolen property,[4] and possession of drug paraphernalia.[5]  At docket CP-26-CR-0000547-2014, Appellant pled guilty to driving under the influence ("DUI")  (highest rate, first offense),[6] unauthorized use of automobile,[7] accidents involving damage to attended vehicle or property,[8] driving while operating privilege is suspended or revoked,[9] and additional summary traffic offenses.[10]

On December 9, 2014, the trial court sentenced Appellant at both dockets. At docket CP-26-CR-0001527-2014, Appellant received a sentence of 12 months' intermediate punishment, with 6 months to be served on house arrest with electronic monitoring, on the theft from a motor vehicle

_____

[1] 18 Pa.C.S. § 3503(b)(1)(iii).

[2] 18 Pa.C.S. § 903(c).

[3] 18 Pa.C.S. § 3934(a).

[4] 18 Pa.C.S. § 3925(a).

[5] 35 P.S. § 780-113(a)(32).

[6] 75 Pa.C.S. § 3802(b).

[7] 18 Pa.C.S. § 3928.

[8] 75 Pa.C.S. § 3743(a).

[9] 75 Pa.C.S. § 1543(a).

[10] 75 Pa.C.S. §§ 3322, 3714(a), 3736(a), 3744(a).

conviction. At docket CP-26-CR-0000547-2014, Appellant received a sentence of 6 months' intermediate punishment, with 12 days to be served on house arrest with electronic monitoring, on the DUI conviction and a consecutive one-year term of probation for the unauthorized use of an automobile conviction. The trial court ordered Appellant to pay all costs associated with the intermediate punishment program.[11]

On February 18, 2015, the trial court entered an order revoking Appellant's intermediate punishment because Appellant failed to make his first installment payment for electronic monitoring. The trial court re-sentenced Appellant at both dockets. At docket CP-26-CR-0001527-2014, the trial court sentenced Appellant to 6-12 months' intermediate punishment, with at least 6 months to be served at the Genesis House treatment center, for the theft from a motor vehicle conviction. At docket CP-26-CR-000547-2014, the trial court sentenced Appellant to 48 hours to 6 months' imprisonment for the DUI conviction and one year of probation for the unauthorized use of an automobile conviction.

Appellant left Genesis House, without permission, shortly after his admittance. On August 14, 2015, the trial court revoked Appellant's sentence of intermediate punishment, revoked Appellant's probation and parole, and re-sentenced Appellant.

---

[11] No further penalty was imposed for the remaining convictions.

At docket CP-26-CR-0001527-2014, the trial court sentenced Appellant to 6 to 12 months' imprisonment for the theft from a motor vehicle conviction.[12]  At CP-26-CR-0000547-2014, the trial court sentenced Appellant to 48 hours to 6 months' imprisonment for the DUI conviction and a concurrent sentence of 1 to 2 years' imprisonment for the unauthorized use of an automobile conviction.  He received credit for two days he spent in prison in February.  The aggregate sentence imposed was 1.5 to 3 years' imprisonment.

On September 18, 2015, Appellant filed notices of appeal at both docket numbers.[13]  Appellant and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

We must first address the timeliness of this appeal.  Following revocation of intermediate punishment, probation, or parole, the filing of a post-sentence motion does not toll the time period for the filing of an appeal.  Pa.R.Crim.P. 708(E).  This Court has explained:

> Rule 720 of the Pennsylvania Rules of Criminal Procedure in general governs the timing of post-sentence motion procedures and appeals. *See* Pa.R.Crim.P. 720. The disposition of a motion to modify a sentence imposed after a revocation hearing, however, is governed by Rule 708 (Violation of Probation, Intermediate Punishment, or

_____

[12] The trial court imposed this sentence consecutive to the sentence imposed at docket CP-26-CR-0000547-2014.

[13] This Court has consolidated the cases on appeal.

> Parole: Hearing and Disposition). *See* Pa.R.Crim.P. 720 *Comment.* Rule 708(E) states: "A motion to modify a sentence imposed after a revocation shall be filed within 10 days of the date of imposition. The filing of a motion to modify sentence will not toll the 30–day appeal period." Pa.R.Crim.P. 708(E) (emphasis added). Rule 708 makes clear Rule 720 does not apply to revocation cases. *Id. Comment. **See also Commonwealth v. Parlante***, 823 A.2d 927, 929 (Pa.Super.2003) (internal citation omitted) (stating: "An appellant whose revocation of probation sentence has been imposed after a revocation proceeding has 30 days to appeal her sentence from the day her sentence is [imposed], regardless of whether . . . she files a post-sentence motion. Therefore, if an appellant chooses to file a motion to modify her revocation sentence, she does not receive an additional 30 days to file an appeal from the date her motion is denied").

**Commonwealth v. Burks**, 102 A.3d 497, 500 (Pa.Super.2014) (emphasis deleted).[14]

The trial court sentenced Appellant on August 14, 2015. Appellant did not file his notice of appeal until September 18, 2015, more than thirty days after the entry of the judgment of sentence.[15] Accordingly, Appellant did not timely appeal the judgment of sentence.

Appeal quashed.

_____

[14] This Court can raise an issue regarding the timeliness of an appeal *sua sponte*. **Burks**, 102 A.3d at 500.

[15] Thirty days from the August 14, 2015 judgment of sentence was Sunday, September 13, 2015. Appellant had until Monday, September 14, 2015 to file a timely notice of appeal. **See** Pa.R.A.P. 903(a) (notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken"); 1 Pa.C.S.A. § 1908 (excluding weekends and holidays from the computation of time when the last day of the time period falls on a weekend or holiday).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/8/2016</u>