J-S80029-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RAYMOND ROBERT DAVIS | |
| Appellant | No. 284 MDA 2016 |

Appeal from the PCRA Order entered January 13, 2016
In the Court of Common Pleas of Luzerne County
Criminal Division at No: CP-40-CR-0002292-2010

BEFORE:  LAZARUS, STABILE, and RANSOM, JJ.

JUDGMENT ORDER BY STABILE, J.:          **FILED FEBRUARY 28, 2017**

Appellant, Raymond Robert Davis, appeals from the January 13, 2016 order entered in the Court of Common Pleas of Luzerne County ("PCRA court"), denying his petition for collateral relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Appellant argues the PCRA court erred in not finding **Alleyne**[1] applicable to his case.[2]  We

---

[1] **Alleyne v. United States**, 133 S.Ct 2151 (2013).  In **Alleyne**, the U.S. Supreme Court held that any fact increasing the mandatory minimum sentence for a crime is considered an element of the crime to be submitted to the factfinder and found beyond a reasonable doubt.

[2] Appellant also argues that counsel was ineffective for failing to pursue a claim under **Alleyne**.  Because of our disposition on the first claim, we will not address the ineffective assistance claim.

agree. Accordingly, we reverse the order denying PCRA relief, vacate the judgment, and remand for resentencing.

The underlying facts are not in dispute[3] and the PCRA court adequately summarized the procedural history in its January 13, 2016 opinion.[4] On the applicability of *Alleyne*, the PCRA court determined that Appellant's instant PCRA petition was timely, but that he was not entitled to relief under *Alleyne* because "at the time *Alleyne* was decided, [Appellant]'s *direct appeal* had ended." PCRA Court Opinion, 1/13/16, at 16 (emphasis added). We disagree.

Following a breakdown in the court's operation, the PCRA court stayed the filing of Appellant's second PCRA petition.[5] An Appellant "should not be precluded from appellate review based on what was, in effect, an administrative breakdown on the part of the trial court." ***Commonwealth v. Leatherby***, 116 A.3d 73, 79 (Pa. Super. 2015); ***see also Commonwealth v. Parlante***, 823 A.2d 927, 929 (Pa. Super. 2003) (a trial court's misstatement of the appeal period constituted a breakdown in the

---

[3] For detailed information about the facts of the case, see our decision on direct appeal. ***Commonwealth v. Davis***, No. 911 MDA 2012, unpublished memorandum at 1-8 (Pa. Super. filed March 12, 2013).

[4] ***See*** PCRA Court Opinion, 1/13/16, at 1-2.

[5] The PCRA court improperly stayed the proceedings on the second PCRA petition under the mistaken belief that a stay would preserve the timeliness of the petition.

court's operation)). It is undisputed that Appellant was sentenced to a mandatory minimum based on the weight of the drugs in contravention to *Alleyne*. Moreover, the Commonwealth concedes that this matter should be remanded for resentencing. *See* Commonwealth's letter to the Superior Court Prothonotary dated September 9, 2016 (citing *Commonwealth v. Ruiz*, 131 A.2d 54, 60 (Pa. Super. 2015). Therefore, we conclude that Appellant is entitled to a remand for resentencing without application of any unlawful mandatory minimum.

Order reversed; judgment of sentence vacated; remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/28/2017