J-S35021-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RASHON LYLES | |
| Appellant | No. 1289 EDA 2018 |

Appeal from the Judgment of Sentence Entered March 29, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0012088-2009

BEFORE:  OLSON, STABILE, and STRASSBURGER,* JJ.

MEMORANDUM BY STABILE, J.:　　　　　　**FILED SEPTEMBER 24, 2019**

Appellant, Rashon Lyles, appeals from the March 29, 2018 judgment of sentence of 2½ to 5 years of incarceration imposed after his violation of probation ("VOP").  We affirm.

The trial court recited the pertinent factual and procedural history:

> On May 22, 2013, [Appellant] appeared before this [c]ourt and entered into an open plea agreement on the charges of possession with intent to deliver a controlled substance (PWID); one violation of the Uniform Firearms Act (VUFA), § 6106: carrying a firearm without a license; and criminal conspiracy.  The matter was demandatorized and [Appellant] was sentenced to 5 years reporting probation on each charge, to run concurrently with one another.  [Appellant] was ordered to find employment, stop selling drugs, and pay costs and fees at a rate of $35 per month.
>
> On August 21, 2013, [Appellant] appeared before this [c]ourt for a status hearing.  [Appellant] did not have a job and had not made any payments toward his costs and fees.

_____

* Retired Senior Judge assigned to the Superior Court.

[Appellant] was attending drug treatment at Wedge. Although [Appellant] was in technical violation, this [c]ourt scheduled another status hearing for November 25, 2013.

On November 25, 2013, [Appellant] appeared for a second status hearing. [Appellant] was still attending drug treatment at Wedge, but was testing positive for drugs. Although [Appellant] was in technical violation, this [c]ourt ordered [Appellant] to earn his GED, receive job training, find a fast food job to start, and pay costs and fees. This [c]ourt warned [Appellant] that he needed to get into compliance or he would go to jail.

On January 26, 2014, [Appellant] appeared before this [c]ourt for a third status hearing. [Appellant] stated that he was testing positive for drugs because his mother gave him Percocets. Although [Appellant] was in technical violation, this [c]ourt ordered [Appellant] to get a legitimate job, work on his GED, receive job training, and pay costs and fees at a rate of $35/month. This [c]ourt warned [Appellant] that he could not test positive for any drug use and allowed his probation to continue.

On April 17, 2014, [Appellant] appeared before this [c]ourt for another hearing. This [c]ourt found him in technical violation for continued drug use and failure to comply with any of the terms and conditions of his probation. This time, the [c]ourt revoked his probation and sentenced him to 11½ to 23 months [of] county incarceration plus 5 years [of] reporting probation, with a stipulation that he serve his time at Hoffman Hal. This [c]ourt ordered [Appellant] to receive drug treatment, earn his GED, enroll in a job training program, seek and maintain employment, and undergo random urinalysis. [Appellant] was further ordered to pay applicable costs and fines at a rate of $35 per week. This [c]ourt warned [Appellant] that he would receive a state sentence if he violated again. On March 17, 2015, this [c]ourt granted [Appellant] work release, effective immediately.

On March 29, 2018, [Appellant] appeared before this [c]ourt for another violation of probation hearing. First, this [c]ourt reviewed [Appellant's] conduct and behavior since his original open guilty plea before this court in 2013. This [c]ourt also reviewed the probation department's summary report, which indicated that [Appellant] tested positive for marijuana throughout 2016 and 2017, that he remained unemployed, and that he last reported to his probation officer on October 18, 2017. [Appellant] absconded thereafter and wanted cards were issued

on December 18, 2017. The probation report recommended revocation and a period of incarceration.

Trial Court Opinion, 10/17/18, at 1-3.

At the conclusion of the March 29, 2018 VOP hearing, the trial court imposed sentence as set forth above. Appellant filed a timely motion for reconsideration on April 5, 2018, but the trial court never addressed it. Appellant filed this timely appeal on April 27, 2018. He raises a single issue:

> Did not the trial court abuse its discretion and violate the Sentencing Code by sentencing [Appellant] to 2½ to 5 years of state incarceration, a manifestly excessive sentence for technical violations of his probation?

Appellant's Brief at 3.

Before we address the merits, we must determine whether Appellant has preserved a challenge to the trial court's sentencing discretion.

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

***Commonwealth v. Swope***, 123 A.3d 333, 337 (Pa. Super. 2015). Appellant filed a timely motion for reconsideration presenting his issue to the trial court, and he filed a timely notice of appeal. His brief contains the requisite statement of reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). This Court has treated the issue Appellant presents as a substantial

- 3 -

question. ***Commonwealth v. Parlante***, 823 A.2d 927, 929-30 (Pa. Super. 2003). We therefore turn to the merits.

Upon revoking probation, the trial court may choose any sentencing option that existed at the time of the original sentencing. 42 Pa.C.S.A. § 9771(b). Instantly, the trial court found that total confinement was necessary to vindicate its authority, as per § 9771(c)(3) of the Judicial Code. 42 Pa.C.S.A. § 9771(c)(3).

> The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment—a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

***Commonwealth v. Colon***, 102 A.3d 1033, 1043 (Pa. Super. 2014), ***appeal denied***, 109 A.3d 678 (Pa. 2015).

Appellant relies on ***Commonwealth v. Cottle***, 462 A.2d 598 (Pa. 1981), in which our Supreme Court concluded that a VOP sentence of total confinement was not warranted where the defendant, on his own initiative, had obtained gainful employment and completed an alcohol rehabilitation program. His only violation was technical, a failure to report for several years. ***Id.*** at 599. The Supreme Court reasoned as follows:

> To ignore [the defendant's] efforts in his own behalf and act solely on the basis of his failure to comply with the court's directive, would place form over substance. It would ignore the ultimate objective that has been achieved and the fact that, that accomplishment resulted from the efforts of the offender himself. We are here faced with a man who has demonstrated that he is

now able to live successfully in the community. The imposition of the maximum sentence at this point in [the defendant's] life would be more punitive than corrective in nature. Moreover, it may very well destroy that which has already been accomplished, i.e., his readjustment. We cannot conclude that the legislature, in subparagraph (c), intended that a court should place a greater emphasis upon a perceived offense to its dignity than the basic objectives of the sentencing process.

*Id.* at 602.

We find **Cottle** distinguishable on its facts. Here, Appellant consistently failed to find suitable employment and consistently failed drug tests over a period of nearly five years. At an earlier VOP proceeding, the trial court sentenced Appellant to county incarceration and warned him that a state sentence would follow if he continued to fail to comply with the terms of his probation. Appellant absconded from probation after his then-girlfriend filed a complaint with the probation department. Unlike the defendant in **Cottle**, Appellant has never demonstrated that he is now able to live successfully in the community. The trial court imposed the current state sentence only after progressing from probation to county incarceration without successfully achieving rehabilitation. We discern no abuse of discretion in the trial court's decision to impose incarceration in order to vindicate its authority.

Appellant also claims that, even if incarceration is warranted, the trial court abused its discretion in imposing an excessive sentence, and that the court "failed to consider or even mention a single way in which this sentence addressed the protection of the public, the gravity of the offense or

[Appellant's] rehabilitative needs." Appellant's Brief at 17. The applicable law is well settled:

> In determining whether a sentence is manifestly excessive, the appellate court must give great weight to the sentencing court's discretion, as he or she is in the best position to measure factors such as the nature of the crime, the defendant's character, and the defendant's display of remorse, defiance, or indifference.

*Colon*, 102 A.3d at 1043. In addition, the trial court must state on the record the reasons for its resentencing after a VOP proceeding. *Id.* at 1044. The trial court's rationale need not be as detailed as it would be for an original sentence, because the "judge is already fully informed as to the facts and circumstances of both the crime and the nature of the defendant, particularly where, as here, the trial judge had the benefit of a [Presentence Investigation] during the initial sentencing proceedings." *Commonwealth v. Pasture*, 107 A.3d 21, 28 (Pa. 2014).

The record belies Appellant's claim. At the VOP proceeding, the trial court explained that its sentence was considerably lower than the statutory maximum (27 years), and that Appellant's repeated course of conduct warranted it. N.T. VOP Hearing, 3/29/18, at 12-14. The court explained that at first it allowed Appellant to remain on probation despite evidence at status hearings that Appellant repeatedly violated the conditions of his probation. *Id.* The court progressed to a county sentence with a warning that further violations would result in a state sentence. *Id.* at 12-13. In the trial court's estimation, Appellant "never took this Court's sentence seriously from the very

beginning." ***Id.*** at 14. We conclude that the trial court's justification was more than sufficient. As the Supreme Court noted in ***Pasture***, a VOP court is familiar with a defendant's history and the facts and circumstances of the offense.

Appellant also relies on ***Parlante***, in which this Court held that a VOP sentence was excessive. There, the defendant was sentenced in November 1998 to one year of probation for forgery and drug possession. In February of 2001, after numerous technical violations, the trial court resentenced her to 4 to 8 years of incarceration. This Court concluded that some period of incarceration was warranted, but that the sentence was excessive because the trial court failed to consider her age, family history, rehabilitative needs, her presentence report, and the fact that her offenses were nonviolent. ***Id.*** at 930. We conclude that ***Parlante*** is distinguishable for several reasons. Appellant's pattern of misconduct and flouting the court's authority had persisted for nearly five years, whereas the trial court in ***Parlante*** imposed its sentence just over two years after the defendant started serving probation. Appellant had failed to avail himself of opportunities to rehabilitate after nearly five years of repeated warnings from the trial court. Appellant's sentence is

considerably shorter than the sentence issued in **Parlante**, and well below the applicable statutory maximum.[1]  We discern no abuse of discretion.

In summary, Appellant has failed to offer any argument to overcome the great weight we must afford a VOP court's sentencing discretion.  We therefore affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/24/19

---

[1]  The sentence at issue in **Parlante** was less than the statutory maximum, but the opinion does not specify how far below the maximum.  Grading of forgery varies based on the circumstances of the offense.  18 Pa.C.S.A. § 4101(c).