J-S43010-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                                                        :            PENNSYLVANIA

                Appellee         :

      v.                        :
                                          :

TERRANCE TERRELL THOMPSON    :
                                          :

             Appellant       :          No. 516 MDA 2019

Appeal from the Judgment of Sentence Entered January 30, 2019
In the Court of Common Pleas of Franklin County
Criminal Division at No(s): CP-28-CR-0001151-2018

BEFORE:   GANTMAN, P.J.E., DUBOW, J., and STEVENS*, P.J.E.

JUDGMENT ORDER BY GANTMAN, P.J.E.:       **FILED OCTOBER 21, 2019**

Appellant, Terrance Terrell Thompson, appeals from the judgment of sentence entered in the Franklin County Court of Common Pleas, following revocation of his original intermediate punishment program ("IPP") sentence. Appellant entered a negotiated guilty plea on July 11, 2018, to driving under the influence ("DUI"). On August 22, 2018, the court imposed the negotiated sentence of 36 months of IPP, with the first 10 months served in restrictive IPP in county jail. On September 13, 2018, the court granted Appellant pre-release (work release) status. While Appellant was out on work release, several co-workers reported seeing him drive a car. Following revocation ("VOP") hearings on January 9, 2019, and January 23, 2019, the court found Appellant had violated the terms of his IPP sentence by driving a vehicle. The court resentenced Appellant on January 30, 2019, to 36 months of IPP with initial restrictive IPP of 11 months in county jail. Appellant timely filed a post-

_____

*   Former Justice specially assigned to the Superior Court.

sentence motion for reconsideration on February 4, 2019, raising a claim of after-discovered evidence and requesting a new revocation hearing. The Commonwealth responded on March 1, 2019. On March 18, 2019, the court held a hearing on Appellant's post-sentence motion and denied it on March 26, 2019. Appellant filed a notice of appeal on March 29, 2019. On April 1, 2019, the court ordered Appellant to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b); Appellant complied.

Generally, a notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). "A motion to modify a sentence imposed after a revocation shall be filed within 10 days of the date of imposition. The filing of a motion to modify sentence will not toll the 30-day appeal period." Pa.R.Crim.P. 708(E). Rule 708 makes clear that Rule 720, which otherwise governs the timing of post-sentence motion procedures and appeals, does not apply to revocation cases. *Id. Comment*. *See also Commonwealth v. Parlante*, 823 A.2d 927, 929 (Pa.Super. 2003) (stating: "An appellant whose revocation of probation sentence has been imposed after a revocation proceeding has 30 days to appeal [his] sentence from the day [his] sentence is [imposed], regardless of whether…[he] files a post-sentence motion"). This Court can raise the issue of time limitations for taking appeals *sua sponte*, as the issue is one of jurisdiction to entertain the appeal. *Commonwealth v. Valentine*, 928 A.2d 346 (Pa.Super. 2007). Absent extraordinary circumstances, this Court has no jurisdiction to entertain

an untimely appeal.  **Commonwealth v. Patterson**, 940 A.2d 493 (Pa.Super. 2007), *appeal denied*, 599 Pa. 691, 960 A.2d 838 (2008).

Instantly, the court revoked Appellant's original IPP sentence and resentenced him on January 30, 2019.  Appellant timely filed a post-sentence motion for reconsideration, which alone did not toll the 30-day appeal period. **See** Pa.R.Crim.P. 708(E).  Further, the trial court's action in directing the Commonwealth to answer the post-sentence motion and in scheduling a hearing on the motion was insufficient to toll the appeal period, because the court did not expressly grant reconsideration within 30 days of sentencing. **See Commonwealth v. Moir**, 766 A.2 1253, 1254 (Pa.Super. 2000) (stating when appellant files motion for reconsideration of final order, he must file protective notice of appeal to ensure preservation of his appellate rights, in case court does not expressly grant reconsideration within 30-day appeal period).  Absent an express grant of reconsideration within 30 days of January 30, 2019, Appellant's notice of appeal was due on or before March 1, 2019. Appellant filed a notice of appeal on March 29, 2019; his appeal from the March 26, 2019 order denying his post-sentence motion for a new revocation hearing was both improper and untimely.  **See Patterson, supra**; **Parlante, supra**.  Accordingly, we dismiss the appeal as untimely.

Appeal dismissed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/21/2019