J-S11007-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT |
| | : | OF PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| WILLIAM CALEB CLAYTON | : | |
| | : | |
| Appellant | : | No. 707 WDA 2020 |

Appeal from the Judgment of Sentence Entered May 28, 2020
In the Court of Common Pleas of Venango County
Criminal Division at No: CP-61-CR-0000640-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT |
| | : | OF PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| WILLIAM CALEB CLAYTON | : | |
| | : | |
| Appellant | : | No. 708 WDA 2020 |

Appeal from the Judgment of Sentence Entered May 28, 2020
In the Court of Common Pleas of Venango County
Criminal Division at No: CP-61-CR-0000641-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT |
| | : | OF PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| WILLIAM CALEB CLAYTON | : | |
| | : | |
| Appellant | : | No. 709 WDA 2020 |

Appeal from the Judgment of Sentence Entered May 28, 2020

In the Court of Common Pleas of Venango County
Criminal Division at No: CP-61-CR-0000600-2019

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| WILLIAM CALEB CLAYTON | |
| Appellant | No. 710 WDA 2020 |

Appeal from the Judgment of Sentence Entered May 28, 2020
In the Court of Common Pleas of Venango County
Criminal Division at No: CP-61-CR-0000636-2019

BEFORE:  STABILE, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY STABILE, J.          **FILED: SEPTEMBER 30, 2021**

Appellant, William Caleb Clayton, appeals from the May 28, 2020 judgments of sentence[1] imposing an aggregate 5½ to 30 years of incarceration for unlawful contact with a minor-sexual abuse, indecent assault of a person less than thirteen years of age,[2] and related offenses.  We affirm.

The four victims were girls aged fifteen, twelve (two victims), and eleven.  N.T. Sentencing, 5/8/20, at 18-20.  Appellant, via social media, provided the victims sexually explicit photos of himself and solicited nude

---

[*] Retired Senior Judge assigned to the Superior Court.

[1]  Appellant filed a separate notice of appeal at each docket.

[2]  18 Pa.C.S.A. §§6318(a)(1) and 18 Pa.C.S.A. § 3126(a)(7).

photos of the victims. *Id.* During a video chat with one of the twelve-year-old victims, he persuaded her to remove her clothing while he masturbated to completion in front of her. *Id.* at 20. Appellant was eighteen going on nineteen at the time of the offenses. *Id.* at 19.

Appellant entered guilty pleas on January 10, 2020. After imposition of sentence, Appellant filed a timely post-sentence motion. The trial court denied that motion on June 17, 2020. This timely appeal followed. Appellant raises a single issue:

> Whether the sentence [sic] court erred or abused its discretion in that the court imposed a sentence without giving consideration to all the relevant factors under 42 Pa.C.S.A. § 9721(b), including but not limited to [Appellant's] character and rehabilitative needs, and the sentence is contrary to the fundamental norms which underlie the sentencing process and guidelines.

Appellant's Brief at 5.

Appellant preserved this issue in a post-sentence motion and timely Pa.R.A.P. 1925(b) statement. In accord with Pa.R.A.P. 2119(f), Appellant claims his sentencing challenge presents a substantial question because it implicates the trial court's adherence to the fundamental norms underlying the sentencing code. *See, Commonwealth v. Cannon*, 954 A.22d 1222, 1229 (Pa. Super. 2008) (noting that a substantial question exists where the appellant shows "actions by the sentencing court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process"), *appeal denied*, 964 A.2d 893 (Pa. 2009). We

disagree. In **Cannon**, the defendant's assertion that the sentencing court failed to consider, among other things, his age, rehabilitative needs, and lack of a prior record, did not raise a substantial question. **Id.** at 1228-29.

Even if Appellant raised a substantial question, we would find no abuse of discretion.

> [T]he proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion. ...[A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. In more expansive terms, our Court recently offered: An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.
>
> The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it.

**Commonwealth v. Moury**, 992 A.2d 162, 169–70 (Pa. Super. 2010). Where, as here, the sentence falls within the sentencing guidelines, this Court will reverse if we find the application of the guidelines to be "clearly unreasonable." 42 Pa.C.S.A. § 9781(c)(2).

The record reflects that the trial court received the pre-sentence investigation report and confirmed with defense counsel that there were no corrections to be made. N.T. Sentencing, 5/8/20, at 14-15. The trial court also received and read victim impact statements. **Id.** at 17-18. Appellant

testified that he completed his high school diploma and one thousand hours of community service while incarcerated in county prison awaiting sentencing. *Id.* at 27. He accepted responsibility for his actions and expressed remorse. *Id.* at 26-27. Appellant's mother testified that he suffers from bipolar disorder. *Id.* at 31.

The district attorney requested an aggregate 82 months to 48 years of incarceration, noting the impact on the victims and their desire to see long-term consequences for Appellant. *Id.* at 21. Defense counsel argued for a county sentence, noting Appellant's young age and his need for treatment. *Id.* at 23-26. The trial court imposed the sentence set forth above, noting its disagreement with the severity of the Commonwealth's recommended sentence. *Id.* at 41-42. The trial court imposed consecutive sentences for each victim. *Id.* at 41. The court explained that a lesser sentence would not adequately reflect the seriousness of the offenses. *Id.* at 47.

In summary, the record reflects that the trial court was aware of Appellant's mental health and his need for treatment, and aware of the progress Appellant made while in prison awaiting sentencing. The court's sentence fell at the low end of the standard guideline range and was considerably less severe than the sentence the Commonwealth requested. The record does not support Appellant's contention that the trial court failed to account for his rehabilitative needs. Rather, the court's express statement

at the conclusion of sentencing reflected its belief that it imposed the lowest sentence it could without diminishing the seriousness of the offenses.

Appellant's reliance on **Commonwealth v. Parlante**, 823 A.2d 927 (Pa. Super. 2003), is misplaced. The **Parlante** Court held that a trial court's failure to consider all relevant factors may constitute an abuse of discretion. **Id.** at 930. As we have explained, the sentence imposed in this case reflects the court's careful consideration of all relevant factors and its effort to impose the lowest sentence consistent therewith. We discern no abuse of discretion.

Judgment of sentence affirmed.

Judge Colins joins the memorandum.

Judge Kunselman files a concurring memorandum in which Judge Colins joins.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/30/2021