J-A20001-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KRISTY ANN WIENCHES | : | |
| | : | |
| Appellant | : | No. 484 EDA 2022 |

Appeal from the Judgment of Sentence Entered January 10, 2022
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-15-CR-0000558-2016

BEFORE:   BENDER, P.J.E., STABILE, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                **FILED AUGUST 1, 2022**

Appellant, Kristy Ann Wienches, appeals from the judgment of sentence of 2 years' non-reporting probation, imposed after the lower court revoked Appellant's previously imposed probation at CP-15-CR-0000558-2016.  After careful review, we vacate Appellant's judgment of sentence and remand for further proceedings.

On February 21, 2017, the trial court sentenced Appellant to 3 years' probation in accordance with her negotiated plea to the charge of endangering the welfare of a child ("EWOC"), 18 Pa.C.S. § 4304(a)(1).  The facts underlying Appellant's EWOC conviction are not germane to this appeal.

In November of 2018, Appellant was arrested in Lancaster County on new charges.  A violation of probation ("VOP") hearing in this case was held

---

[*] Retired Senior Judge assigned to the Superior Court.

on December 7, 2018, when the VOP court lifted Appellant's detainer and deferred probation-violation proceedings pending disposition of the Lancaster County charges. Subsequently,

> [o]n January 29, 2020, [the Commonwealth filed a petition] alleging [that Appellant] had probation violations.[1] On January 31, 2020, a Notice of Hearing was entered scheduling the hearing for April 2, 2020.[2] … The docket is silent as to whether … this hearing was held or if any action was taken. On December 21, 2021, a Notice of Hearing was filed scheduling the violation of probation hearing for January 10, 2022. A hearing was held on that date. A violation of probation was found, probation was revoked and reinstated for two years. The probation was ordered to be non-reporting. It was further ordered that this case would be closed once [Appellant] completes Mental Health Court in Luzerne County. On January 19, 2022, [Appellant] filed a timely [post-sentence motion p]ursuant to [Pa.R.Crim.P.] 720(B).

VOP Court Opinion ("VCO"), 3/2/22, at 2.

In Appellant's post-sentence motion, she alleged a violation of her speedy-hearing rights pursuant to Pa.R.Crim.P. 708. Post-Sentence Motion, 1/19/22, at 2 ¶ 8. She asserted these rights were violated because the January 10, 2022 hearing "was held 1 year, 10 months, and 6 days after her conviction in Lancaster County. This hearing was also held after her probation expired on the above-captioned case. Specifically, this hearing was held 1

---

[1] The Chester County Probation Office alleged both technical violations and a violation based on the new charge filed in Lancaster County. *See* Probation Violation Petition, 1/29/20, at 1-2.

[2] Notably, on "March 4, 2020, [Appellant] pled guilty in Lancaster County to [a third-degree misdemeanor], [d]efiant [t]respass, 18 Pa.C.S.[] § 3503(b)(1)(i)[,] and was sentenced to one (1) year probation." Commonwealth's Brief at 3.

year, 10 months, and 20 days after the expiration of her probation." ***Id.*** at 2 ¶ 7.

The VOP court did not grant or deny Appellant's post-sentence motion before Appellant was obligated to file a notice of appeal.[3] Appellant subsequently filed a timely notice of appeal on February 9, 2022. The VOP court issued an order denying her post-sentence motion on March 2, 2022, after it had been divested of jurisdiction. ***See*** Pa.R.A.P. 1701 (stating "after an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may no longer proceed further in the matter"). The record does not indicate that the VOP court ordered Appellant to file a Pa.R.A.P. 1925(b) statement, and Appellant did not file one. On that same date, the VOP court issued its Rule 1925(a) opinion.

Appellant now presents the following question for our review:

> Whether Appellant's right to a speedy probation revocation hearing was violated when the hearing was held twenty-two months after Appellant's new conviction, where the Commonwealth offered no evidence regarding the reason for the delay, and when the hearing was held twenty-two months after Appellant's probation had expired?

Appellant's Brief at 4.

---

[3] "An appellant whose revocation of probation sentence has been imposed after a revocation proceeding has 30 days to appeal her sentence from the day her sentence is entered, regardless of whether or not she files a post-sentence motion." ***Commonwealth v. Parlante***, 823 A.2d 927, 929 (Pa. Super. 2003); ***see also*** Pa.R.Crim.P. 708 (comment) ("Any appeal must be filed within the 30-day appeal period unless the sentencing judge within 30 days of the imposition of sentence expressly grants reconsideration or vacates the sentence.").

Initially, we note that the Pennsylvania Rules of Criminal Procedure provide that, "[w]henever a defendant has been sentenced to probation…[,] the judge shall not revoke such probation … unless there has been … a hearing held as speedily as possible at which the defendant is present and represented by counsel[.]" Pa.R.Crim.P. 708(A)(1). This "language has been interpreted as requiring a probation violation hearing within a reasonable time. In determining whether a VOP hearing is held within a reasonable period, we examine the length of the delay, the reasons for the delay, and the prejudice resulting to the defendant from the delay." *Commonwealth v. Wright*, 116 A.3d 133, 137 (Pa. Super. 2015) (cleaned up).

Before we address the merits of Appellant's claim, we note that the trial court advises:

> Had th[e VOP c]ourt been available to address the issues raised in the post-sentence petition, reconsideration would have been granted and an evidentiary hearing would have been scheduled. Therefore, this [c]ourt is requesting that the Superior Court remand this case for an evidentiary hearing on the issue of whether [Appellant]'s right to a speedy revocation hearing was held under [Rule] 708.

VCO at 2-3. The Honorable Phyllis R. Streitel, sitting as the VOP court, further notes that, "[b]eing a sitting senior judge with limited working days, th[e VOP c]ourt was unable to address the allegations and issues in [Appellant]'s Post-Sentence [Motion]. Without having reconsideration expressly granted, [Appellant] was obligated to file her Notice of Appeal on February 9, 2022, which divested this [c]ourt of jurisdiction to address the issues…." *Id.* at 2.

The VOP court does not address the merits of Appellant's Rule 708 claim in its Rule 1925(a) opinion.

Appellant initially raises a claim regarding a potential speedy-hearing violation at the January 10, 2022 VOP hearing. *See* N.T. VOP Hearing, 1/10/22, at 9-10. Appellant specifically requested that the VOP court "leave this record open so I could possibly file a motion" to address the issue. *Id.* at 10. A discussion ensued on the record, with the VOP court noting that COVID-19 restrictions had shut down the courthouse "for months" starting in March of 2020, while Appellant argued that the courthouse had nevertheless been open for some time before the hearing. *Id.* The VOP court then proceeded to sentence Appellant without specifically ruling on the speedy-hearing claim, and without specifically granting or denying Appellant's request to file a motion on the matter. *Id.* at 11-12.

Appellant requests that this Court grant relief on the merits without remand, but alternatively argues that, if this "Court is not inclined to do so, [Appellant] requests that the Court remand her case to the trial court for an evidentiary hearing, consistent with" the VOP court's Rule 1925(a) opinion. Appellant's Brief at 19. The Commonwealth contends we should address the merits of Appellant's claim on appeal, arguing that the January 10, 2022 hearing was adequate to establish the reason for the delay (COVID-19 restrictions), and that Appellant was not prejudiced by that delay because she was not incarcerated. Commonwealth's Brief at 4-5.

Given the limited treatment of this issue at the January 10, 2022 VOP hearing, Judge Streitel's indication that the only reason she failed to grant an evidentiary hearing in response to Appellant's post-sentence motion was due to limited working hours due to her senior status, and because the VOP court did not address the merits of Appellant's claim in its Rule 1925(a) opinion, we decline to rule on the merits of Appellant's issue at this juncture. Instead, we defer to the VOP court's judgment that an evidentiary hearing is warranted in the circumstances of this case in order to provide an accurate and adequate factual basis for both Appellant's and the Commonwealth's arguments. Accordingly, we vacate Appellant's judgment of sentence and remand for an evidentiary hearing to determine if Appellant's speedy-hearing rights under Rule 708 were violated, and to provide appropriate relief if warranted. If the VOP court concludes that Appellant's Rule 708 speedy-hearing rights were not violated, it is directed to reinstate Appellant's January 10, 2022 judgment of sentence.

Judgment of sentenced **vacated**. Case **remanded** for an evidentiary hearing. Jurisdiction **relinquished**.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/1/2022

- 6 -