J-S61018-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HARLEE CAMPBELL | : | |
| | : | |
| Appellant | : | No. 271 EDA 2018 |

Appeal from the PCRA Order December 18, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009816-2010

BEFORE: BENDER, P.J.E., BOWES, J., and PANELLA, J.

MEMORANDUM BY BOWES, J.: **FILED DECEMBER 27, 2018**

Harlee Campbell appeals from the order dismissing without a hearing his PCRA petition, which sought to attack the effectiveness of Appellant's revocation counsel. We affirm.

We set forth the facts and procedural history underlying this case in our memorandum affirming the judgment of sentence imposed following revocation, which we adopt herein:

> On May 12, 2010, [Campbell] was arrested and charged with possession with intent to deliver [("PWID")], engaging in criminal conspiracy to manufacture, deliver, or possess with intent to manufacture or deliver, and intentional possession of a controlled substance by a person not registered. The intentional possession of a controlled substance by a person not registered charge was *nolle prossed*. [Campbell] entered into a negotiated guilty plea on the remaining two charges. On September 27, 2010, this [c]ourt sentenced [Campbell] to nine (9) to twenty three (23) months confinement plus one (1) year probation.

On October 23, 2011, [Campbell] was arrested and charged with aggravated assault, conspiracy to commit aggravated assault, possession of a prohibited firearm, firearm not to be carried without a license, carrying firearms in public in Philadelphia, possession of [an] instrument of a crime with [intent], simple assault, and recklessly endangering another person. [Campbell] entered into a negotiated guilty plea on the aggravated assault charges. The remaining charges were *nolle prossed*. On May 31, 2013, [Campbell] was sentenced to six (6) to thirteen (13) years confinement plus five (5) years probation.

On December 19, 2013, [Campbell] appeared before this [c]ourt *via* a video hearing. This [c]ourt found that [Campbell's] arrest and subsequent guilty plea for aggravated assault directly violated his probation for the 2010 charges. This [c]ourt revoked [Campbell's] probation on the 2010 charges and sentenced [Campbell] to four (4) to eight (8) years confinement on the 2010 possession with intent to deliver charge and a consecutive four (4) to eight (8) years confinement on the 2010 engaging in criminal conspiracy charge. In total, this [c]ourt sentenced [Campbell] to eight (8) to sixteen (16) years confinement to be served consecutively to the sentence imposed in May 2013 on the aggravated assault charge.

***Commonwealth v. Campbell***, 120 A.3d 1066 (Pa.Super. 2015) (unpublished memorandum at 1-2) (quoting Trial Court Opinion, 5/19/14, at 1–2).

On September 4, 2015, Appellant filed a *pro se* PCRA petition, and appointed counsel filed an amended petition on August 31, 2016, raising as its sole issue "Counsel was ineffective for failing to properly represent [Appellant] at VOP Hearing." Amended PCRA Petition, 8/31/16, at 4.

The PCRA court issued a notice of intent to dismiss, followed by dismissal on December 18, 2017. Appellant filed a timely notice of appeal, and complied

with the order to file a concise statement of errors complained of on appeal.

Appellant raises two claims for our review.

I. Whether the Court erred in denying the Appellant's PCRA petition without an evidentiary hearing on the all of the issues raised in the amended PCRA petition regarding VOP Counsel's ineffectiveness.

II. Whether the Court erred in not granting relief on the PCRA petition alleging prior counsel was ineffective.

Appellant's brief at 8.

Our standard of review is well-settled.

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa.Super. 2012) (citations omitted). "With respect to the PCRA court's decision to deny a request for an evidentiary hearing, or to hold a limited evidentiary hearing, such a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion." *Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015).

Appellant's first claim is that the PCRA court erred in failing to hold an evidentiary hearing on every issue raised in the petition. Since we find that

none of Appellant's claims entitles him to relief, we necessarily find that the PCRA court did not err in holding an evidentiary hearing. We therefore discuss that claim together with his second point of error, which includes four subsidiary questions challenging the effectiveness of revocation counsel regarding particular acts. When counsel's stewardship is challenged, the following principles inform our review:

> It is well-established that counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him. To prevail on an ineffectiveness claim, the petitioner has the burden to prove that (1) the underlying substantive claim has arguable merit; (2) counsel whose effectiveness is being challenged did not have a reasonable basis for his or her actions or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance. The failure to satisfy any one of the prongs will cause the entire claim to fail.

*Commonwealth v. Smith*, 181 A.3d 1168, 1174–75 (Pa.Super. 2018) (quoting *Commonwealth v. Benner*, 147 A.3d 915, 919–20 (Pa.Super. 2016)). We examine each claim separately.

Appellant's first point of error is that counsel was ineffective for failing to request bifurcated hearings pursuant to *Gagnon v. Scarpelli*, 411 U.S. 778 (1973). In *Gagnon*, the United States Supreme Court held that a probationer is entitled to two hearings prior to formal revocation and re-sentencing.

> When a parolee or probationer is detained pending a revocation hearing, due process requires a determination at a pre-revocation hearing, a *Gagnon I* hearing, that probable cause exists to believe that a violation has been committed. Where a finding of

probable cause is made, a second, more comprehensive hearing, a *Gagnon II* hearing, is required before a final revocation decision can be made.

*Commonwealth v. Heilman*, 876 A.2d 1021, 1026 (Pa.Super. 2005) (citation omitted).

Appellant agrees that there was no need for a *Gagnon I* hearing, but argues that he "was not afforded the protections subsequently inherent in a potential *Gagnon II* proceeding." Appellant's brief at 16. Appellant argues he "was entitled to a *Gagnon II* hearing. This hearing never took place[.]" *Id*. at 17.

This claim plainly lacks arguable merit, as a *Gagnon II* hearing occurred. In fact, Appellant's next claim states that counsel ineffectively failed to ensure his physical presence at the very hearing he claims did not take place. "[C]ounsel was previously ineffective for failing to secure his presence at the VOP hearing." Appellant's brief at 19.

In truth, Appellant's argument appears to be that the *Gagnon II* hearing was not sufficiently comprehensive. Charitably casting his argument in that light, Appellant cannot establish prejudice. "Conviction of a new crime is a sufficient basis for a court to revoke a sentence of probation." *Commonwealth v. Kalichak*, 943 A.2d 285, 289 (Pa.Super. 2008 For prejudice purposes, the fact that Appellant was convicted of a new crime renders the asserted defects in the *Gagnon II* process irrelevant. Appellant fails to explain how the ultimate outcome would have changed in light of his

later conviction for new offenses. For the foregoing reasons, the PCRA court did not err in dismissing this claim without a hearing.

Appellant's next claim of error faults revocation counsel for failing to secure Appellant's physical presence at the *Gagnon II* hearing. Instead, the proceeding occurred *via* videoconference. Appellant had a right to be present at his hearing, and video conferencing was not permitted absent consent. *See* Pa.R.Crim.P. 119(A)(6) ("The court or issuing authority may use two-way [video conferencing] at any criminal proceeding except: . . . parole, probation, and intermediate punishment revocation hearings[.]"). Thus, this claim clearly has arguable merit.

Arguably, this claim could have been presented on direct appeal as a challenge to the trial court's actions, thereby requiring Appellant to show ineffective assistance of appellate counsel. We will assume *arguendo* that the claim can be raised as an ineffective assistance of revocation counsel claim, and find that Appellant has failed to establish prejudice. He argues:

> [H]ad the Appellant been present at the hearing, he may have been afforded the opportunity to consult with his attorney outside the presence of the court. During such a time, the Appellant may have been able to fully discuss and formulate a strategy with counsel before moving forward. Instead, at the hearing, where the Appellant appeared via video conference, he was not afforded proper assistance of counsel as is afforded by the constitution of this Commonwealth and by the United States itself. The Sixth Amendment guarantees the effective assistance of counsel at all stages of a criminal proceeding, including during the VOP hearing process.

> Due to the fact that the Appellant was **completely unaware** of his right to confrontation at this hearing, prior counsel was ineffective in representation.
>
> . . . .
>
> The third and final prong . . . is whether the Appellant suffered actual prejudice as a result of counsel's ineffectiveness. Appellant lost a fundamental right to confront the court and constitutionally speaking, such is prejudicial.

Appellant's brief at 19-20 (emphasis in original).

We do not denigrate the importance and value of face-to-face conversation between attorney and client. However, Appellant fails to demonstrate how an in-person meeting would have changed the ***Gagnon II*** outcome. The fact that Appellant was convicted of crimes while he was on probation sufficed to sustain the revocation. No amount of strategic conferring could alter that fact.

Additionally, Appellant refers to his right to "confront" the VOP court. In ***Commonwealth v. Tejada***, 161 A.3d 313 (Pa.Super. 2017), the defendant was removed from the courtroom and a mistrial declared after he attacked his attorney. Prior to retrial, the trial court held a video hearing with Tejada to determine if he would be permitted to be physically present at the retrial. Like Appellant herein, Tejada referenced a right to "confront" the judge. We found that argument misplaced:

> [W]e do not find that the Confrontation Clause right extends to this situation. That right's "functional purpose [is] in ensuring a defendant an opportunity for cross-examination." ***Kentucky v. Stincer***, 482 U.S. 730, 739, 107 S.Ct. 2658, 96 L.Ed.2d 631 (1987). However, there was no cross-examination to be achieved at the hearing to regain the forfeited right. Furthermore, the

> purpose of the right is to confront witnesses **against** the accused; it does not confer any right to present one's own testimony. That right is rooted in other constitutional provisions. **See Rock v. Arkansas**, 483 U.S. 44, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987) (right to offer own testimony is a component of due process, Compulsory Process Clause of the Sixth Amendment, and the Sixth Amendment right to jury trial).

*Id*. at 318.

We further noted that the United States Supreme Court has assumed that "even in situations where the defendant is not actually confronting witnesses or evidence against him, he has a due process right to be present in his own person whenever his presence has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge." *Id*. at 318 (quoting **Stincer**). Reviewing the case law, we "modif[ied] the inquiry by asking whether [Tejada]'s physical presence would have contributed to the fairness of the hearing." *Id*. at 319.

Herein, the VOP court failed to secure Appellant's consent to waive his physical presence, and we disapprove of that practice. Nevertheless, Appellant has not advanced any argument respecting the fairness of the hearing and how he was prejudiced thereby. The PCRA court did not err in dismissing this claim.

We address Appellant's remaining two claims together, as both involve Appellant's sentence. Appellant first argues that revocation counsel was ineffective for failing to secure an updated post-sentence investigation ("PSI") report. Next, he argues that counsel was ineffective for failing to preserve challenges to the discretionary aspects of his sentence.

We are puzzled by the latter argument and Appellant's insistence that counsel's failures waived any review of the VOP court's sentencing discretion. That contention is simply not true, as our decision on direct appeal from the judgment of sentence imposed following revocation reviewed the merits of Appellant's discretionary aspects of sentencing claims. We held therein:

> Campbell claims that his sentence was grossly disproportionate to the gravity of the offense, the need for protection of the public, and his own rehabilitative needs. Campbell asserts that the VOP court conducted an "abbreviated hearing" and considered only the "fact of a direct violation." Brief of Appellant, at 16. In support of his argument, Campbell relies upon **Commonwealth v. Parlante**, 823 A.2d 927 (Pa.Super. 2003), in which the defendant was sentenced to four to eight years' incarceration after violating her probation six times. Upon review of the record, we find that the trial court did not abuse its discretion in resentencing Campbell.
>
> Upon a finding that a defendant has violated probation, the sentencing alternatives available to the court are the same as were available at the time of initial sentencing. **See** 42 Pa.C.S.A. § 9721(b). Here, Campbell was resentenced for PWID and conspiracy to commit PWID. The statutory maximum penalty for both crimes is ten years' imprisonment. **See** 35 P.S. § 780–113(f)(1.1). Upon resentencing, Campbell received sentences of four to eight years' imprisonment on each charge, a range well within the statutory limit.
>
> Our Supreme Court recently stated the following with regard to the deference to be accorded sentencing courts on VOP resentencing:
>
>> Simply stated, the sentencing court sentences flesh-and-blood defendants and the nuances of sentencing decisions are difficult to gauge from the cold transcript used upon appellate review. Moreover, the sentencing court enjoys an institutional advantage to appellate review, bringing to its decisions an expertise, experience, and judgment that should not be lightly disturbed.

The sentencing court's institutional advantage is, perhaps, more pronounced in fashioning a sentence following the revocation of probation, which is qualitatively different than an initial sentencing proceeding. At initial sentencing, all of the rules and procedures designed to inform the court and to cabin its discretionary sentencing authority properly are involved and play a crucial role. However, it is a different matter when a defendant reappears before the court for sentencing proceedings following a violation of the mercy bestowed upon him in the form of a probationary sentence. For example, in such a case, contrary to when an initial sentence is imposed, the Sentencing Guidelines do not apply, and the revocation court is not cabined by Section 9721(b)'s requirement that "the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant."

***Commonwealth v. Pasture***, 107 A.3d 21, 27 (Pa.2014).

Moreover, "since the defendant has previously appeared before the sentencing court, the stated reasons for a revocation sentence need not be as elaborate as that which is required at initial sentencing." ***Pasture***, 107 A.3d at 28. Finally, "there is no absolute requirement that a trial judge, who has already given the defendant one sentencing break after having the benefit of a full record, including a PSI, must order another PSI before fashioning the appropriate revocation sentence." ***Id***.

In its Rule 1925(a) opinion, the VOP court noted the following:

[Campbell] was convicted of another crime while he was on probation. [Campbell] entered into a negotiated guilty plea on the charge of [a]ggravated [a]ssault on May 31, 2013. This conviction alone is sufficient to allow this [c]ourt to impose a sentence of total confinement upon revocation of probation under 42 Pa.C.S. § 9771(c)(1). Furthermore, [Campbell's] conduct in committing two aggravated assaults while

- 10 -

on probation indicates that a sentence of total confinement is necessary to vindicate the authority of the court under [section 9771(c)(3) ]. [Campbell's] behavior also indicates that it is likely he will commit another crime if not imprisoned. [Campbell] was not able to abide by the terms of his original probation, and, in committing another crime while on probation, acted with blatant disregard for this [c]ourt's original sentence and authority. More importantly, his criminal activity escalated from non-violent drug-related activity to acts of violence during his probationary period, which indicates he does not respect the authority of the [c]ourt and has no intention of ceasing criminal activity, and that he will continue to pose a threat to public safety if not confined.

Trial Court Opinion, 5/19/14, at 3–4.

Campbell's reliance on **Parlante**, **supra**, is misplaced. In that case, this Court overturned a revocation sentence of four to eight years' incarceration following seven probation violations. Unlike in the instant matter, however, four of Parlante's violations which were technical and none of the substantive violations involved violence. Indeed, the Court emphasized this fact in concluding that the trial court had abused its discretion. **See id**. at 930 ("The record indicates that the trial court failed to consider ... the fact that all of [Parlante's] offenses were non-violent in nature and that her last two probation violations were purely technical.").

Here, unlike **Parlante**, Campbell's criminal behavior actually escalated to violent, gun-related offenses while under the supervision of the trial court. The trial court, in fashioning its sentence, concluded that a sentence of total confinement was necessary to protect the public from Campbell's increasingly violent criminal behavior and to vindicate the court's authority. Having previously sentenced Campbell, the court was familiar with his background and character. In addition, prior to the imposition of sentence, Campbell was given the opportunity to inform the court about his current circumstances and the rehabilitative efforts he made since being incarcerated. In light of the foregoing, we cannot conclude that Campbell's sentence was manifestly excessive or the result of partiality, ill-will, or such lack of support

so as to be clearly erroneous. ***Commonwealth v. Perry***, 32 A.3d 232 (Pa.2011).

***Campbell***, ***supra*** (unpublished memorandum at 5-9).

We are at a loss to reconcile the foregoing discussion with Appellant's assertion that counsel failed to preserve a challenge to the discretionary aspects of his sentence.[1]  Additionally, the case Appellant cites in his brief as establishing a basis for relief, ***Parlante****,* was discussed and distinguished in our memorandum.

Therefore, as to the purported failure to preserve challenges to the discretionary aspects of sentencing claim, Appellant's argument lacks arguable merit.  Counsel cannot be faulted for failing to do something he actually did.

Regarding the failure to request an updated PSI report, that claim has arguable merit as the record establishes that the VOP court did not possess an updated PSI.  Hence, counsel could have lodged an objection or requested that report.  However, Appellant was not prejudiced by that failure.  As quoted, *supra*, the **Pasture** Court previously held that the VOP court was not required to order an updated PSI.  Moreover, Appellant has failed to point to a single favorable item of information that would have been presented in any updated

---

[1] Appellant also includes arguments that are plainly meritless, such as the complaint that revocation counsel "never objected as to how the sentence was computed based on the sentencing guidelines."  Appellant's brief at 22.  It is well settled that "The sentencing guidelines do not apply to sentences imposed as a result of . . . revocation of probation[.]."  204 Pa.Code § 303.1(b).

report. Accordingly, the PCRA court did not err in dismissing these claims without a hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/27/18