J-S16038-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
GREGORY MCDOWELL, :
:
          Appellant : No. 1768 EDA 2019

Appeal from the Judgment of Sentence Entered June 7, 2019
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0004078-2007

BEFORE: DUBOW, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: Filed: April 9, 2020

Gregory McDowell ("McDowell") appeals from the judgment of sentence imposed following the revocation of his probation. We affirm.

On February 19, 2008, McDowell entered a negotiated guilty plea to rape by forcible compulsion, unlawful contact with a minor, and corruption of minors, arising out of his sexual assault of a minor female.[1] Following a Megan's Law assessment, the trial court sentenced McDowell, in accordance with the plea agreement, to an aggregate term of 4 to 8 years in prison, followed by 8 years of probation.

McDowell began supervision in December 2011, when he was released from prison. McDowell subsequently committed several technical violations of the conditions of his supervision. On July 17, 2015, the trial court continued McDowell's probation, with the addition of new conditions.

---

[1] **See** 18 Pa.C.S.A. §§ 3121(a)(1), 6318(a)(1), 6301(a)(1).

In February 2017, while on probation, McDowell was arrested and charged with various offenses arising out of a sexual assault. Following a bench trial, McDowell was convicted of rape of a substantially impaired person, sexual assault, and indecent assault.[2] The trial court sentenced McDowell to an aggregate term of 12½ to 25 years in prison.

The trial court conducted a **Gagnon II**[3] hearing on June 4, 2019, during which McDowell was found to be in violation of his probation. As a result of the new conviction, the trial court revoked McDowell's probation and sentenced him to an aggregate term of 8½ to 17 years in prison. The court also ordered the sentences to run consecutive to the sentence imposed for the rape case giving rise to the violation.

McDowell filed a timely Motion to Reconsider his revocation sentence.[4] McDowell subsequently filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal.

McDowell now raises the following issues on appeal:

1. Was not the [revocation] court's imposition of an eight and one-half (8½) to seventeen (17) year sentence of incarceration, consecutive to a twelve and one-half (12½) to twenty-five (25) year[] sentence on another case, for a violation of probation[,] an abuse of discretion where the court violated the requirements of 42 Pa.C.S.[A.] §[]9721(b) of the Sentencing Code by failing to

---

[2] **See** 18 Pa.C.S.A. §§ 3121(a)(4), 3124.1, 3126(a)(1).

[3] **See Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

[4] The revocation court did not act on McDowell's Motion to Reconsider prior to his filing of the Notice of Appeal.

give individualized consideration to [McDowell's] personal history, rehabilitative needs or background, and without explaining how, as a matter of law, this sentence was the least stringent one adequate to protect the community and to serve the rehabilitative needs of [McDowell]?

2. Did not the [revocation] court err and abuse its discretion by sentencing [] McDowell to an excessive period of incarceration?

Brief for Appellant at 4.

We will address McDowell's claims together, as they are related. First, McDowell argues that the revocation court failed to consider the factors identified in Section 9721(b) of the Sentencing Code, including the gravity of the offense, the need for public protection, and his need for rehabilitation. *Id.* at 12. According to McDowell, the revocation court focused exclusively on the seriousness of the crimes underlying the revocation of his probation, but failed to consider his background. *Id.* at 14. McDowell also points out that he was arrest-free for a period of 11 years, and was largely compliant with state parole. *Id.* at 15.

In his second claim, McDowell argues that his sentence is excessive, and that the revocation court failed to consider his rehabilitative needs or mitigating circumstances. *Id.* at 16-17.

McDowell's claims challenge the discretionary aspects of his sentence, from which there is no absolute right to appeal. *See Commonwealth v. Mastromarino*, 2 A.3d 581, 585 (Pa. Super. 2010). In considering such a challenge,

[w]e conduct a four-part analysis to determine: (1) whether the appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether the appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

* * *

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

**Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010) (quotation marks and some citations omitted).

Here, McDowell filed a timely Notice of Appeal, preserved his claim in his Motion for Reconsideration, and included a separate Rule 2119(f) Statement in his brief. In his Rule 2119(f) Statement, McDowell asserts that his revocation sentence, which was imposed consecutively to the sentence for the offense that gave rise to his probation revocation, is manifestly unreasonable and excessive. **See** Brief for Appellant at 7-9. Additionally, McDowell claims that the revocation court failed to adequately consider sentencing criteria set forth in Section 9721(b). McDowell's argument raises a substantial question. **See Commonwealth v. Derry**, 150 A.3d 987, 994-95 (Pa. Super. 2016) (concluding that a challenge based on a revocation court's failure to consider Section 9721(b) factors presents a substantial

question); ***Commonwealth v. Parlante***, 823 A.2d 927, 929 (Pa. Super. 2003) (concluding that claims that revocation court, after revoking probation, imposed a sentence that was grossly disproportionate to the crimes committed, failed to consider appellant's background and the nature of the offenses, and failed to provide adequate reasons for the sentence on the record raised a substantial question). Thus, we will consider the merits of McDowell's claim.

Our standard of review is well settled:

> The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment—a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

***Commonwealth v. Colon***, 102 A.3d 1033, 1043 (Pa. Super. 2014) (citation omitted).

> The reason for this broad discretion and deferential standard of appellate review is that the sentencing court is in the best position to measure various factors and determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it. Simply stated, the sentencing court sentences flesh-and-blood defendants and the nuances of sentencing decisions are difficult to gauge from the cold transcript used upon appellate review. Moreover, the sentencing court enjoys an institutional advantage to appellate review, bringing to its decisions an expertise, experience, and judgment that should not be lightly disturbed.
>
> The sentencing court's institutional advantage is, perhaps, more pronounced in fashioning a sentence following the revocation of probation, which is qualitatively different than an initial sentencing proceeding. At initial sentencing, all of the rules and

> procedures designed to inform the court and to cabin its discretionary sentencing authority properly are involved and play a crucial role. However, it is a different matter when a defendant appears before the court for sentencing proceedings following a violation of the mercy bestowed upon him in the form of a probationary sentence. For example, in such a case, contrary to when an initial sentence is imposed, the Sentencing Guidelines do not apply, and the revocation court is not cabined by Section 9721(b)'s requirement that "the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721.

***Commonwealth v. Pasture***, 107 A.3d 21, 27 (Pa. 2014) (some citations and quotation marks omitted).

Upon revocation of probation, a sentencing court may choose from any of the sentencing options that existed at the time of the original sentence, including incarceration. 42 Pa.C.S.A. § 9771(b). However, the imposition of total confinement upon revocation requires a finding that either "(1) the defendant has been convicted of another crime; or (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or (3) such a sentence is essential to vindicate the authority of the court." ***Id.*** § 9771(c).

Moreover, "[i]n every case in which the court … resentences an offender following revocation of probation, … the court shall make as part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." ***Id.*** § 9721(b); ***see also*** Pa.R.Crim.P. 708(D)(2) (providing that "[t]he judge shall state on the record the reasons

for the sentence imposed."). However, following the revocation of probation, a sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statutes in question. **See Pasture**, 107 A.3d at 28 (stating that "since the defendant has previously appeared before the sentencing court, the stated reasons for a revocation sentence need not be as elaborate as that which is required at initial sentencing.").

Here, the revocation court sentenced McDowell to a term of 6 to 12 years in prison for his unlawful contact with a minor conviction, and a consecutive term of 2½ to 5 years for his corruption of minors conviction. McDowell's post-revocation sentence is within statutory bounds, and is based on a new criminal charge. **See** 42 Pa.C.S.A. § 9771(b), (c).

Further, in its Opinion, the revocation court stated that "[b]y participating in additional criminal activity, [McDowell] demonstrated that he was not amenable to probation and that he was a menace to society…." Trial Court Opinion, 8/13/19, at 4. The revocation court also pointed out that McDowell had again been convicted of rape. **See id.** The revocation court rejected McDowell's assertion that it had failed to consider the sentencing factors set forth in Section 9721(b), and explained that it had "reviewed the sentencing reports, the statutory maximum for each conviction, the facts of the cases, [McDowell's] individual circumstances and background, and all other legally permissible and pertinent factors…." **Id.** at 6-7; **see also id.** at

- 7 -

6 (citing N.T., 6/6/19, at 17-20, wherein the court explained that it had considered the relevant sentencing factors).[5]

The record confirms that the revocation court was provided with sufficient information to make a fully informed sentencing decision following the revocation of McDowell's probation, and that the court adequately considered the relevant sentencing factors. Additionally, McDowell's aggregate post-revocation sentence is not manifestly excessive, and "the court was free to impose the sentence consecutively to his other sentences for the crimes he committed while on probation." *Commonwealth v. Swope*, 123 A.3d 333, 341 (Pa. Super. 2015). Discerning no abuse of discretion by the trial court, we will not disrupt McDowell's sentence on appeal.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/9/20

---

[5] We note that McDowell failed to include the transcripts from his revocation sentencing in the certified record. *See Commonwealth v. Holston*, 211 A.3d 1264, 1276 (Pa. Super. 2019) (explaining that "the responsibility rests upon the appellant to ensure that the record certified on appeal is complete in the sense that it contains all of the materials necessary for the reviewing court to perform its duty.").