J-S02040-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRUCE WILLIAMS | : | |
| | : | |
| Appellant | : | No. 361 EDA 2020 |

Appeal from the PCRA Order Entered January 14, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0906661-2001

BEFORE: BENDER, P.J.E., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED MARCH 16, 2021**

Appellant Bruce Williams appeals from the order denying his timely first

Post Conviction Relief Act[1] (PCRA) petition. Appellant claims that his violation

of probation (VOP) counsel was ineffective. He also contends that the PCRA

court erred in denying his petition without an evidentiary hearing. We affirm.

The PCRA court summarized the facts and procedural history of this

matter as follows:

> On November 29, 2001, [Appellant] appeared before [the trial
> court] for a non-jury trial. [The trial court] found [Appellant]
> guilty of possession with intent to deliver (PWID).[2] On February
> 7, 2002, [the trial court] imposed a sentence of 15 to 30 months[']
> incarceration plus 3 years['] reporting probation.
>
> [Appellant] was released on parole on November 16, 2003. On
> November 18, 2004, [Appellant] appeared before [the trial court]

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 35 P.S. § 780-113(a)(30).

for his first violation of probation hearing (VOP). [The trial court] found him in technical violation, revoked his probation, and resentenced him to 11 1/2 to 23 months['] county incarceration plus 3 years reporting probation. [Appellant] was paroled to Gaudenzia Focus House on August 3, 2005. He subsequently relapsed and began using cocaine.

On July 28, 2008, [Appellant] was arrested and charged with knowing and intentional possession of a controlled substance (K&I). [Appellant] pled guilty to this charge on November 12, 2008 and was sentenced to [1] year [of] reporting probation. On December 12, 2008, [Appellant] appeared before [the trial court] for his second violation hearing. [The trial court] found him in direct and technical violation of his probation and, as a result, revoked his probation and imposed a new sentence of 5 years['] reporting probation.

On January 25, 2012, while still serving his probationary sentence, [Appellant] was arrested and charged with terroristic threats. He was found guilty of this crime and on May 7, 2012, he was sentenced to 18 months['] reporting probation. On May 30, 2012, [Appellant] appeared before [the trial court] for his third violation hearing. [The trial court] again found him in direct violation [of his probation] and revoked his probation. [Appellant] was resentenced to 11 1/2 to 23 months['] county incarceration plus 4 years['] reporting probation, with credit for time served. [The trial court] ordered him to find a mental health residential living arrangement and to continue intensive outpatient drug treatment.

On October 18, 2018, [Appellant] appeared before [the trial court] for his fourth violation hearing. [The trial court] found him in technical violation [of his probation] and sentenced him to 2 to 4 years['] state incarceration. [Appellant filed an untimely *pro se* motion seeking reconsideration of his sentence.] [Appellant] did not file . . . a direct appeal.

PCRA Ct. Op., 6/30/20, 1-2 (some formatting altered).

On January 28, 2019, Appellant filed a timely *pro se* PCRA petition. The PCRA court appointed counsel, who filed an amended PCRA petition and a memorandum of law alleging VOP counsel was ineffective. The Commonwealth filed a motion to dismiss Appellant's PCRA petition, arguing

Appellant's claims were undeveloped and without merit. The PCRA court issued a notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant did not file a response to the PCRA court's Rule 907 notice.

The PCRA court ultimately dismissed Appellant's PCRA petition on January 14, 2020, and Appellant filed a timely notice of appeal on January 17, 2020. The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) statement.

On appeal, Appellant raises the following issues, which we have reordered as follows:

> 1. Whether the [PCRA] court erred in not granting relief on the PCRA petition alleging counsel was ineffective for failing to properly represent Appellant at his probation violation hearing.
>
> 2. Whether the [PCRA] court erred in denying . . . Appellant's PCRA petition without an evidentiary hearing on the issues raised in the amended PCRA petition regarding trial counsel's ineffectiveness.

Appellant's Brief at 8.

In his first claim, Appellant alleges multiple instances of ineffective assistance of counsel. *See id*. at 18. Initially, Appellant argues that VOP counsel was ineffective for failing to file a post-sentence motion challenging the discretionary aspects of his sentence. *See id*. at 21. He contends that VOP counsel "should have raised the issue that the sentencing court erred when imposing [the revocation sentence] because . . . the sentencing court did not state on the record any of the relevant sentencing factors . . . when

- 3 -

imposing a sentence of total confinement after revoking probation." *Id.* at 21-22. Appellant also alleges that VOP counsel was ineffective for failing to: (1) request an updated pre-sentence investigative report (PSI) and psychiatric report; (2) request a continuance; (3) ask to withdraw from the case; and (4) subpoena his psychiatrist. *See id.* at 18.

The Commonwealth responds that Appellant "waived his . . . claim that VOP counsel was ineffective for not filing a post-sentence motion . . . challenging the discretionary aspects of his sentence because he raises it for the first time in this appeal . . . ." Commonwealth's Brief at 1. As to Appellant's remaining four claims of ineffectiveness, the Commonwealth asserts they lack merit and emphasizes that Appellant failed to plead or prove that those claims resulted in prejudice.

"Our standard of review for issues arising from the denial of PCRA relief is well settled. We must determine whether the PCRA court's ruling is supported by the record and free of legal error." *Commonwealth v. Presley*, 193 A.3d 436, 442 (Pa. Super. 2018) (citation omitted and formatting altered).

Initially, our review of Appellant's amended PCRA petition confirms that Appellant did not claim that VOP counsel was ineffective for not filing a post-sentence motion. *See* Appellant's Am. PCRA Pet., 7/7/19. As our Supreme Court has explained: "Any claim not raised in the PCRA petition is waived and not cognizable on appeal." *Commonwealth v. Washington*, 927 A.2d 586, 601 (Pa. 2007); *see also* Pa.R.A.P. 302(a) ("Issues not raised in the lower

court are waived and cannot be raised for the first time on appeal."). Appellant's failure to raise this issue in his amended PCRA petition prevents us from considering it on appeal.[3]  Therefore, we agree with the Commonwealth that Appellant waived this ineffectiveness claim.

As to Appellant's remaining four ineffectiveness claims, our review is governed by the following principles.

> [T]o establish a claim of ineffective assistance of counsel, a defendant must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.  The burden is on the defendant to prove all three of the following prongs: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.
>
> We have explained that a claim has arguable merit where the factual averments, if accurate, could establish cause for relief. Whether the facts rise to the level of arguable merit is a legal determination.
>
> The test for deciding whether counsel had a reasonable basis for his action or inaction is whether no competent counsel would have chosen that action or inaction, or, the alternative, not chosen, offered a significantly greater potential chance of success.

---

[3] The Commonwealth points out that Appellant's underlying challenge to the discretionary aspects of his sentence may have presented a substantial question if the claim had been properly preserved in a post-sentence motion. **See** Commonwealth's Brief at 10.  We note that this Court in **Commonwealth v. Parlante**, 823 A.2d 927, 929-31 (Pa. Super. 2003), has held that a sentencing court's failure to consider all the relevant sentencing factors at a revocation hearing raises a substantial question.  However, PCRA counsel's failure to raise this issue in Appellant's amended PCRA petition prevented Appellant from obtaining collateral review of the issue.

> Counsel's decisions will be considered reasonable if they effectuated his client's interests. We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he may have taken.
>
> Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.
>
> Boilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective. Moreover, a failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043-44 (Pa. Super. 2019) (citations omitted and formatting altered), *appeal denied*, 216 A.3d 1029 (Pa. 2019).

Here, a review of Appellant's amended PCRA petition and accompanying memorandum of law reveals that Appellant baldly asserted deprivations of his constitutionally adequate representation at his revocation hearing. He does not plead, much less prove, that he suffered prejudice due to VOP counsel's omissions. Appellant utterly failed to explain how an updated PSI report, a continuance of his probation revocation hearing, counsel's withdrawal from the case, and testimony from his psychiatrist would have altered his probation revocation sentence. *See id.* at 1044. Similarly, on appeal, Appellant has not convinced this Court that the PCRA court erred in dismissing his petition or that he suffered prejudice. Therefore, we conclude that no relief is due. *See Presley*, 193 A.3d at 442.

Appellant's final claim alleges that the PCRA court erred by not granting an evidentiary hearing on the issues in his amended PCRA petition. *See* Appellant's Brief at 15. While Appellant concedes there is no absolute right to an evidentiary hearing, he argues that "a court may not summarily dismiss a PCRA petition when the facts alleged in the petition, if proven, would entitle [a petitioner] to relief." *Id.* (citation omitted). As such, Appellant contends that an evidentiary hearing was necessary because his claim of ineffective assistance of counsel was meritorious. *Id.* at 17.

It is well settled that

[t]here is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary. To obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that that court otherwise abused its discretion in denying a hearing.

*Commonwealth v. Maddrey*, 205 A.3d 323, 328 (Pa. Super. 2019) (citations and quotation marks omitted). An evidentiary hearing "is not meant to function as a fishing expedition for any possible evidence that may support some speculative claim of ineffectiveness." *Commonwealth v. Roney*, 79 A.3d 595, 605 (Pa. 2013) (citation omitted).

As stated above, Appellant has not demonstrated genuine issues of material fact that he was entitled to PCRA relief on his claims of ineffective assistance of counsel. Therefore, we discern no abuse of discretion in the trial court's decision to deny relief without an evidentiary hearing. *See Maddrey*,

205 A.3d at 328. Accordingly, Appellant's claim that he was entitled to an evidentiary hearing merits no relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/16/2021