J-A29028-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                                      :             PENNSYLVANIA
                                                      :

v.               :

HECTOR LUIS BURGOS-SEMIDEY    :

         Appellant             :

                                                      :     No. 614 MDA 2020

Appeal from the Judgment of Sentence Entered September 10, 2019,
in the Court of Common Pleas of Lancaster County,
Criminal Division at No(s): CP-36-CR-0004228-2016.

---

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                                       :             PENNSYLVANIA
                                                      :

v.               :

HECTOR L BURGOS-SEMIDEY       :

         Appellant             :

                                                      :     No. 615 MDA 2020

Appeal from the Judgment of Sentence Entered September 10, 2019,
in the Court of Common Pleas of Lancaster County,
Criminal Division at No(s): CP-36-CR-0005029-2018.

---

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                                       :             PENNSYLVANIA
                                                      :

v.               :

HECTOR BURGOS, JR.             :

         Appellant             :

                                                      :     No. 616 MDA 2020

Appeal from the Judgment of Sentence Entered September 10, 2019,
in the Court of Common Pleas of Lancaster County,

J-A29028-20

Criminal Division at No(s):  CP-36-CR-0005034-2017.


COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                              :            PENNSYLVANIA
                              :
            v.                :
                              :
                              :
                              :
HECTOR L. BURGOS-SEMIDEY      :
                              :
            Appellant         :   No. 617 MDA 2020


Appeal from the Judgment of Sentence Entered September 10, 2019,
        in the Court of Common Pleas of Lancaster County,
        Criminal Division at No(s):  CP-36-CR-0005333-2018.


COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                              :            PENNSYLVANIA
                              :
            v.                :
                              :
                              :
                              :
HECTOR L BURGOS-SEMIDEY       :
                              :
            Appellant         :   No. 618 MDA 2020

Appeal from the Judgment of Sentence Entered September 10, 2019,
        in the Court of Common Pleas of Lancaster County,
        Criminal Division at No(s):  CP-36-CR-0005921-2018.


BEFORE:   DUBOW, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.:        **FILED: MAY 6, 2021**

    Hector Burgos-Semidey appeals the judgment of sentence imposed

following revocation of his probation on five cases.  Upon review, we affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

- 2 -

Burgos-Semidey was on supervision with the Lancaster County Adult Probation and Parole Office for several cases involving possession with intent to deliver, possession, conspiracy to commit theft, conspiracy to commit retail theft, and retail theft. On May 1, 2019, Probation reported that Burgos-Semidey tested positive for drugs, failed to report, and did not successfully complete his drug treatment program.

On June 24, 2019, the trial court found Burgos-Semidey in violation and revoked his probation and parole. The court deferred sentencing to obtain a presentence investigation report ("PSI"). On September 10, 2019, the court resentenced Burgos-Semidey to the unexpired balance of his respective sentences in four of his cases and a new one year of probation for each charge in the fifth case. Notably, however, the court also made Burgos-Semidey eligible for parole to a rehabilitation program after serving ten (10) months of his sentence and eligible for work release after serving a third of his sentence.

Burgos-Semidey filed a post-sentence motion, which the court denied. No appeal was filed. Following a Post-Conviction Relief Act ("PCRA") petition, the court reinstated Burgos-Semidey's appellate rights *nunc pro tunc* on February 24, 2020. Burgos-Semidey timely filed the instant direct appeal in these five cases.[1]

---

[1] The Commonwealth claims that Burgos-Semidey's notice of appeal filed on March 30, 2020 was untimely, since it was filed more than thirty (30) days after the court's order of February 24, 2020, reinstating his appellate rights. Counsel for Burgos-Semidey claims the notice was timely under **In re:**

On appeal, Burgos-Semidey raises one issue for our review, namely, whether his sentence was excessive. Burgos-Semidey's Brief at 6.

Burgos-Semidey challenges the discretionary aspects of his incarceration sentence imposed for violating probation. "It is well settled that, with regard to the discretionary aspects of sentencing, there is no automatic right to appeal." **Commonwealth v. Austin**, 66 A.3d 798, 807-808 (Pa. Super. 2013) (citation omitted). This Court has explained that, to reach the merits of a discretionary sentencing issue, we must conduct a four-part analysis to determine the following factors:

---

**Statewide Judicial Emergency – Suspension Superior Court of Pennsylvania**, No. 3 Administrative Docket (Pa. Super. filed March 17, 2020), providing for an extension of thirty (30) days for all filings due in Superior Court between March 17, 2020 and April 17, 2020, due to the COIV-19 pandemic. We note that paragraph B of that Order does not apply here because Burgos-Semidey filed his notice of appeal with the trial court, not this Court. Paragraph C of this Order, which provided a thirty (30) day extension for filing appeals from orders entered between March 17 and April 17, 2020, likewise does not apply because the order reinstating Burgos-Semidey's appellate rights was entered on February 24, 2020. Therefore, at first glance, his appeal appears to be untimely.

However, our Supreme Court also filed an emergency order during this time which specified that: "Legal papers or pleadings . . . which are required to be filed between March 19, 2020 and May 8, 2020, generally shall be deemed to have been filed timely if they are filed by the close of business on May 11, 2020. **In re: General Statewide Judicial Emergency**, 230 A.3d 1015 (Pa. 4/28/20) (*per curiam*). Because Burgos-Semidey's appeal was due on March 25, 2020, during the applicable time frame, the Supreme Court's Order extended Burgos-Semidey's filing date to May 11, 2020. Therefore, his notice of appeal, dated March 30, 2020, is timely.

(1) whether the appeal is timely; (2) whether [a]ppellant preserved his issue; (3) whether [a]ppellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence [in accordance with 2119(f)]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code . . . . [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

**Commonwealth v. Colon**, 102 A.3d 1033, 1042–43 (Pa. Super. 2014) (quoting **Commonwealth v. Austin**, 66 A.3d 798, 808 (Pa. Super. 2013)).

Here, Burgos-Semidey satisfied the first three requirements under **Colon**.[2] Accordingly, we must determine whether his claim raises a substantial question.

In his 2119(f) statement, Burgos-Semidey claims that the trial court imposed an excessive sentence of incarceration based upon only technical probation violations and did not adequately consider his rehabilitative needs. Burgos-Semidey's Brief at 8. This Court has found that, a probation revocation sentence based solely on technical violations and claimed to be excessive, raises a substantial question. **Commonwealth v. Malovich**, 903 A.2d 1247, 1253 (Pa. Super. 2006); **Commonwealth. v. Sierra**, 752 A.2d 910, 913 (Pa. Super. 2000). We, therefore, will address the merits of this claim.

We have stated:

---

[2] We observe that in his post-sentence motion, Burgos-Semidey claimed that the court should have given him a time-served sentence based upon the nature of his violations and the time he already served. Although he did not use the term "excessive," we construe his claim in that motion to be that his sentence was excessive under the circumstances of this case.

- 5 -

> The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment — a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.
>
> In determining whether a sentence is manifestly excessive, the appellate court must give great weight to the sentencing court's discretion, as he or she is in the best position to measure factors such as the nature of the crime, the defendant's character, and the defendant's display of remorse, defiance, or indifference.

Upon revoking probation, a sentencing court may choose from any of the sentencing options that existed at the time of the original sentencing, including incarceration. [U]pon revocation [of probation] . . . the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence.

**Colon**, 102 A.3d at 1044 (quotations and citations omitted).

When imposing a sentence, the trial court must follow the general principle that the sentence be "consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). Additionally, where probation has been revoked, a sentence of total confinement may only be imposed if:

(1) the defendant has been convicted of another crime; or

(2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

(3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S.A. § 9771(c).

Burgos-Semidey claims that his sentence was excessive in light of his violations, which were only technical in nature, and his rehabilitative needs. Burgos-Semidey's. Brief at 8-9. According to Burgos-Semidey, his 10 month sentence exceeded what was necessary to reform his behavior. *Id.* at 12.

This Court has rejected lengthy incarceration sentences imposed solely based upon technical violations of probation. *Commonwealth v. Williams*, 69 A.3d 735 (Pa. Super. 2013); *Commonwealth v. Parlante*, 823 A.2d 927 (Pa. Super. 2003). However, given this Court's highly deferential standard of review, such relief should be afforded only in rare cases. Based upon our review, the instant case does not warrant the type of relief afforded in *Parlante* and *Williams*. Given the circumstances of this case, Burgos-Semidey's sentence was not "a manifestly unreasonable amount of time," *Parlante*, 823 A.2d at 931; nor did it "disproportionately punish" him "in excess of what is necessary to achieve consistency" with the sentencing factors. *Williams*, 69 A.3d at 742.

First, we observe that the court, essentially, imposed a ten (10) month sentence of incarceration for Burgos-Semidey's probation violations. This was minimal and very reasonable, particularly when compared to the circumstances and sentences imposed in *Parlante* and *Williams*.

Further, when rendering its sentence, the court had a PSI for Burgos-Semidey. "[W]here the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and

considerations, and that where the court has been so informed, its discretion should not be disturbed." ***Commonwealth v. Ventura***, 975 A.2d 1128, 1135 (Pa. Super. 2009) (citation omitted). The court considered his age, maturity, education, intelligence and work history. Additionally, the court considered Burgos-Semidey's prior record which included convictions for robbery, burglary, theft and felony drug charges, and six prior probation violations, with this case being his seventh probation violation.

Notably, and contrary to his claim, the court considered Burgos-Semidey's rehabilitative needs at this VOP sentencing as it repeatedly had done in the past. The court stated:

> [Burgos-Semidey] has done very little since 2013 to stop his use of drugs, his committing offenses, and his continued violations of probation and parole. One, two, three, four, five, six – six different periods/ of time of probation and parole violations since 2013. His 15th appearance before this court.
>
> Drugs have been his life. The thefts and related offenses all drug related. And he constantly requests to be put in programs, and he constantly walks away from program, doesn't successfully complete programs, does whatever he chooses once he's released from custody. He falls back into that same trap every single time.
>
> ***
>
> He left the program at Nuestra Clinica. He goes back to the program at Nuestra Clinica. He leaves the program. He gets kicked out of a program. It's just been constant. I don't understand why you can come before this Court and say, I need a program when you keep leaving and failing in programs. It's your failure, and not only to report to Probation and Parole but you failure in programs that brings you back before us.
>
> You got discharged from the Rase Project where I put you in so you'd do the project and continually stay in the aftercare, and you didn't do it.

N.T. 9/10/19, at 7-8.

It is evident that the trial court considered the relevant sentencing factors. The court was well familiar with Burgos-Semidey given his history. The court gave Burgos-Semidey multiple opportunities to get the help he needed so he could be a productive member of society, but Burgos-Semidey continually failed to comply with the conditions of his probation and parole. Furthermore, given Burgos-Semidey's repeated failure to take advantage of those opportunities and his repeated failure to comply with the terms of his probation, the trial court believed a sentence of incarceration was necessary to prevent the likelihood that he would commit another crime and to vindicate the authority of the court. *See* Trial Court Opinion, 5/21/20, at 5. Nonetheless, the court gave Burgos-Semidey yet another opportunity to get help and rehabilitate in society by imposing a limited sentence of incarceration and paroling him to a treatment facility. We, therefore, conclude that the trial court did not abuse it discretion in imposing Burgos-Semidey's VOP sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/06/2021